[Sac. No. 865.   Department Two. — February 28, 1901.]

## SISKIYOU COUNTY BANK, Appellant, v. PERRY HOYT et al., Respondents.

DISMISSAL OF ACTION — DELAY IN SERVICE AND RETURN OF SUMMONS. — An action must be dismissed, under subdivision 7 of section 581 of the Code of Civil Procedure, where the summons was not served and return made thereon within three years after the commencement of the action, if no appearance has been made by the defendant or defendants within that period.

ID. — APPEARANCE · OF DEFENDANT — VERBAL REQUEST FOR DELAY — VERBAL AUTHORITY FOR JUDGMENT. — There can be no appearance in the action, on the part of a defendant, without answer, demurrer, or written notice of appearance, or written stipulation, by himself or his attorney. A mere verbal request by the defendants for delay in the service of the summons, and a verbal authority given by them to the plaintiff to enter judgment in the case at any time without the further service of papers, cannot constitute an appearance, nor a power of attorney to confess judgment, and cannot dispense with the summons, and return showing service thereof, to justify a judgment for the plaintiff.

ID. — DISMISSAL OF FORECLOSURE SUIT — APPEARANCE OF SUBSEQUENT LIEN-HOLDER. — The dismissal of an action to foreclose a mortgage, upon motion of a mortgagor, where there has been no service and return of summons within three years, cannot be to the prejudice of the mortgagee plaintiff, as against a defendant who has given notice of appearance under a mere averment that he claims an interest subject and subsequent to the mortgage.

CXXXII. Cal. — 6

APPEAL from a judgment of dismissal of an action by the Superior Court of Siskiyou County and from an order refusing to vacate the judgment.   J. S. Beard, Judge.

The facts are stated in the opinion of the court.

Gillis & Tapscott, for Appellant.

Warren & Taylor, for Perry Hoyt and Elizabeth Hoyt, Respondents.

William B. Haskell, for Bank of Sonoma County, Respondent.

HAYNES, C. — Appeal from an order and judgment dismissing the action, and from an order denying appellant's motion to vacate the judgment of dismissal.

Appellant, the Siskiyou County Bank, commenced an action against Perry Hoyt and Elizabeth Hoyt on October 5, 1895, to foreclose a mortgage executed by them to the bank on October 6, 1891.   A summons was issued one day before the expiration of a year after the filing of the complaint, but the summons not having been served within three years after the commencement of the action, and no appearance having been made, Elizabeth Hoyt, one of the defendants, moved the court to dismiss the action.   After the notice of motion to dismiss was served, but before it was heard, the summons was served on respondent, the service being made on April 26, 1900.   The motion was heard April 28th, and judgment dismissing the action was entered May 4, 1900.

Appellant filed a very long affidavit in opposition to the motion, showing the origin of the debt, and most unusual indulgence to respondents; that the delay and failure to serve the summons was at their earnest solicitation; that before the expiration of the time limited by the statute for the service of the summons, the propriety of serving it was suggested by the bank, but at the solicitation of respondents it was not served, "as they then stated that the bank need not serve any further papers upon them; that it could at any time take judgment in said case."

Subdivision 7 of section 581 of the Code of Civil Procedure, as amended in 1897, is as follows:—

"7.  And no action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be

had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within one year; and all such actions shall be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action. But all such actions may be prosecuted if appearance has been made by the defendant or defendants within said three years, in the same manner as if summons had been issued and served." (Stats. 1897, p. 98.) This subdivision, as originally enacted in 1889, was substantially the same. (Stats. 1889, p. 398.)

The verbal authority to enter judgment, above recited, was not an appearance in the action, nor a power of attorney to confess judgment. It could not take the place of an answer upon the judgment roll, so as to dispense with the summons and return as part thereof. Section 406 of the Code of Civil Procedure provides that, "at any time within the year after complaint is filed, the defendant may, in writing, or by appearing and answering, waive the issuing of summons"; and section 1014 provides that "a defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him."

*Cooper* v. *Gordon*, 125 Cal. 296, cited by appellant, does not sustain its contention. In that case there were repeated stipulations in writing that the plaintiff could have judgment entered at any time for a sum stated. This was held to be an appearance to the action, and, when filed, became an answer admitting the cause of action alleged. It should also be noticed that in that case the first stipulation was made the next day after suit was commenced.

In *Modoc Land etc. Co.* v. *Superior Court*, 128 Cal. 255, the summons was issued in due time, and served by the sheriff within the time limited by section 581 of the Code of Civil Procedure, and, with his return indorsed thereon, was delivered to plaintiff's counsel before the expiration of three years after the commencement of the action, but it was not delivered to the clerk or filed until a few days after the expiration of the time limited by the statute for the service and re-

turn. It was held that the court below had no jurisdiction to proceed with the cause, and a peremptory writ of prohibition was granted.

In *White* v. *Superior Court,* 126 Cal. 245, the superior court was prohibited from issuing an *alias* summons. · This case also furnishes a reply to appellant's contention that respondents are estopped by their promises. and urgent solicitations from asking a dismissal of the action. "From a moral point of view," the court said, speaking of petitioner's conduct, "it is wholly indefensible. . . . But it remains true that he is only claiming what the law commands, and his case is no worse than that of any debtor who pleads the statute of limitations against a just demand."

The action of the court in this case in dismissing the action is also conclusively sustained by *Vrooman* v. *Li Po Tai,* 113 Cal. 302, and *Peck* v. *Agnew,* 126 Cal. 607.

It appears from the record that before the dismissal of the action one of the several other defendants, namely, the Bank of Sonoma County, filed a demurrer to the complaint, and thereby entered an appearance. The only allegation of the complaint as to the Bank of Sonoma County is, that it has or claims some interest in the mortgaged premises, but that it is subsequent and inferior to plaintiff's lien. While an action ought not to be dismissed as against a defendant who has appeared, and who would be prejudiced by a dismissal (*Peck* v. *Agnew,* 126 Cal. 607), appellant is not prejudiced by the dismissal of the action as to said defendant, and it is not complaining.

The judgment and order appealed from should be affirmed.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

· McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.