[Civ. No. 1616. First Appellate District.—May 7, 1915.]

## N. H. HICKMAN et al., Respondents, v. M. C. LYNCH et al., Appellants.

DISMISSAL—FAILURE TO PROSECUTE ACTION—JURISDICTION—WHEN NOT LOST.—Jurisdiction in an action is not lost by reason of the plaintiff's failure to prosecute it to trial within five years after filing of the answer to the complaint, as required by section 583 of the Code of Civil Procedure, where the delay is attributable in part to the action of the defendants in asking for and being granted permission to file a cross-complaint when the plaintiff made an effort to have the cause placed upon the calendar for trial within two and a half years after the answer to the original complaint had been filed.

ID.—FILING CROSS-COMPLAINT—DEFENDANTS AS ACTORS.—Upon the filing of the cross-complaint in such a case the defendants became aggressive and interested actors in the presentation of at least one phase of the case, and therefore, they were charged in part with the duty of bringing the case on for trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

William H. Chapman, William M. Abbott, William M. Cannon, and Powell & Dow, for Appellants.

H. M. Anthony, for Respondents.

THE COURT.—This action was one to recover money for goods sold and delivered. Some two years and a half after defendants' answer to the complaint was filed a notice of motion was made to set the cause for trial, and pending the hearing of the motion the defendants asked permission to interpose a cross-complaint. That permission was granted after the application had been resisted by the plaintiffs. The cross-complaint was filed, and the demurrer interposed to it was eventually overruled. Plaintiffs answered the cross-complaint. and some three years thereafter the case was set for trial and tried. Judgment was rendered for the plaintiffs, and also against the defendants on the cross-complaint; and the only point made now in support of the defendants' appeal is that

before the trial of the action the court had lost jurisdiction of the cause by reason of the fact that plaintiffs failed to prosecute it to trial within five years after the defendants' answer to the original complaint had been filed, as required by section 583 of the Code of Civil Procedure.

Conceding the defendants' construction of the statute to be correct, nevertheless it appears that the case at bar was not fully and finally at issue for five years, but only for a period of three years; and the delay in bringing it to trial for over five years after answer filed is attributable in part to the action of the defendants in asking for and being granted permission to file a cross-complaint. It also appears that the plaintiff made an effort to have the cause placed upon the calendar for trial within two years and a half after the original answer of the defendants had been filed, and that the cause would in all probability have been brought on for trial if it had not been for the intervention of the defendants. Under these circumstances there is no merit in the contention that the court lost jurisdiction of the subject-matter of the action. The appellants of course rely upon a literal interpretation of the section referred to, which provides that the court must dismiss if the action is pending untried for a period of five years after the defendant's answer to the plaintiff's complaint has been filed. But upon the filing of the cross-complaint in the present case the defendants became aggressive and interested actors in the presentation of at least one phase of the case, and therefore they were charged in part with the duty of bringing the case on for trial. (*Jacot et al.* v. *Marks,* 26 Misc. Rep. 670, 57 N. Y. Supp. 904.)

The judgment appealed from is affirmed.