[Sac. No. 2451. In Bank.—January 17, 1916.]

JOHN LARKIN, as Administrator of the Estate of Alexander Hulsey, Deceased, et al., Petitioners, v. SUPERIOR COURT OF THE COUNTY OF SHASTA, Respondent.

PRACTICE—DISMISSAL OF ACTION—FAILURE TO BRING TO TRIAL WITHIN FIVE YEARS AFTER ANSWER.—The provision of section 583 of the Code of Civil Procedure, providing that an action shall be dismissed by the court, "after due notice to plaintiff or by the court on its own motion, unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time may be extended," is mandatory in any case where the facts bring it within its provisions.

ID.—STIPULATION FOR EXTENSION OF TIME — COUNSEL MAY MAKE.—A stipulation for an extension of time, within the meaning of the section, need not be made by the parties personally. It is sufficient if made by their respective counsel.

ID.—RIGHT TO DISMISSAL.—Under that section, unless the parties have, in effect at least, stipulated in writing that the action need not be brought to trial within five years from the date of the filing of the answer, it must be dismissed at the expiration of such five years, if not "brought to trial" within that time.

ID.—STIPULATION SETTING TRIAL DATE WITHIN FIVE YEAR PERIOD.—Stipulations fixing successive dates of trial within the five year period after answer filed do not have the effect to extend the five year period, and, in the absence of some element of estoppel, cannot be an effective answer to a motion to dismiss, if the action has not been brought to trial within the five year period.

ID.—DEATH OF ADMINISTRATOR DEFENDANT AFTER EXPIRATION OF PERIOD. The death after the expiration of the five year period of an administrator of an estate, who was one of the defendants, against whom the action was originally brought, and a delay in the substitution of his successor until the day before the motion to dismiss was noticed, do not affect the defendant's right to a dismissal.

ID.—DEATH OF ATTORNEY FOR PLAINTIFF DURING PERIOD.—Where the attorney for the plaintiff died after the five year period had commenced to run, the running of that period was not suspended during the time intervening his death and the service of a notice by the defendant on the plaintiff requiring it to appoint another attorney or to appear in person. The running of the five year period was not a "proceeding" had against the plaintiff, within the meaning of section 286 of the Code of Civil Procedure.

ID.—DEFENDANTS WITHOUT ATTORNEY DURING PORTION OF PERIOD.—The fact that for a portion of the five year period there was no

acting attorney of record for any of the defendants does not affect the defendants' right to a dismissal, as the plaintiff could, nevertheless, have brought the case to trial, resorting to the procedure for the appointment òf another attorney or an appearance in person contemplated by section 286 of the Code of Civil Procedure.

ID.—ACTION TO QUIET TITLE—DEFENDANTS ALLEGING TITLE IN THEMSELVES—DUTY TO BRING ACTION TO TRIAL.—The defendants' right to a dismissal of an action to quiet title for failure to bring it to trial within the five years after their answers were filed is not affected by the mere fact that in their answers they set up their own alleged title and asked that they be adjudged the owners. Under such pleadings, the defendants did not become actors in the sense that any duty devolved upon them to bring the plaintiff's asserted claim to trial.

ID.—MANDAMUS TO SECURE DISMISSAL.—A defendant, as matter of right, is entitled to a writ of mandate to secure the dismissal of an action for the failure to bring it to trial within the five year period, where there is nothing to show that the dismissal will work injustice or operate harshly or not promote substantial justice.

ID.—RIGHT TO PEREMPTORY MANDAMUS—ALTERNATIVE WRIT AWARDED FOR PURPOSES ONLY PARTIALLY PROPER.—The rule that a petitioner for a writ of mandate is concluded by the terms of the alternative writ, and that where the alternative writ is awarded for a purpose partly proper and partly improper, the court will not enforce it by a peremptory *mandamus* as to that which is proper, but will give judgment for the respondent, is not an iron-bound one, to be enforced by a court regardless of circumstances, but is one to be applied in consonance with principles of fairness and justice. The rule should not be applied to the circumstances of this application.

APPLICATION for a Writ of Mandate to be directed to the Superior Court of Shasta County.          ·     .

The facts are stated in the opinion of the court.

W. D. Tillotson, and Carr & Kennedy, for Petitioners.

Chenoweth & Leininger, and Goodfellow, Eells, Moore & Orrick, for Respondent.          ,

ANGELLOTTI, C. J.—This is an original application to this court for a writ of mandate to compel respondent to dismiss an action pending therein, instituted by the Potosi Land and Mining Company, a corporation, against a former administrator of the said estate of Alexander Hulsey, N. L. Peterson, James E. Lutman, the Shasta Dredging Co., a corporation,

and certain fictitious defendants. The action was one by the plaintiff therein to quiet its alleged title to certain land in Shasta County. The action was commenced May 6, 1907, and summons was served during that year on all the above-named defendants. No appearance was ever made by the Shasta Dredging Company, and it must be accepted as a fact from the record before us that the plaintiff is entitled to a default judgment against that defendant. The other defendants filed their answer on June 30, 1909, denying plaintiff's alleged title, claiming title in themselves, and praying for a judgment establishing and quieting their title to said land. The action has never been tried. On November 3, 1915, these petitioners, being all of the defendants except the Shasta Dredging Company, gave notice of a motion in the superior court for the dismissal of said action as to them, on the ground that the same had not been brought to trial within five years after they had filed their answer. The motion thus noticed was duly heard and denied by the superior court, and this proceeding was then instituted to compel the dismissal asked.

Petitioners' motion in the superior court and their proceeding here are based on the second paragraph of section 583 of the Code of Civil Procedure, enacted in 1905. The section is as follows:

"The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after answer filed to bring such action to trial. Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court on its own motion, unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time may be extended."

It is obvious from a mere reading of the second paragraph of this section, that a dismissal is mandatory in any case where the facts bring it within its provisions. It was so declared in *Romero* v. *Snyder,* 167 Cal. 216, [138 Pac. 1002.]

Various reasons are urged why this law has no application here.

As we have said, the answer of these petitioners was filed June 30, 1909. The following facts are alleged in the answer

of respondent, and are not disputed by petitioners: On November 20, 1909, the court ordered that on November 27, 1909, the time of trial should be fixed. The minutes of the court show that on November 27, 1909, the parties appeared in open court by their respective counsel and stipulated that the trial should be fixed for April 11, 1910, and the court so ordered; that on April 11, 1910, with the same procedure, the trial was continued to June 29, 1910; and that on June 29, 1910, with the same procedure, the trial was continued to September 19, 1910. Nothing further appears with reference to the proposed trial of the action, other than that after November 3, 1915, more than five years after the date to which it had last been continued, the action was set for trial on December 20, 1915. No stipulation in writing relative to time or continuance of trial was ever made "in writing," unless an agreement of counsel for the respective parties made in open court and entered on the minutes satisfies the provision of the section in this regard.

We are satisfied that there is no force in the suggestion that "the parties" can be said to have stipulated within the meaning of the section only when they personally do so. It is clear that a stipulation by respective counsel for the parties would be a stipulation of the parties. Whether they can be said to "have stipulated in writing" within the meaning of the section, when they have simply orally agreed in open court and their agreement is entered on the minutes, is a more serious question. However, we regard this question as of minor importance, in view of the fact that we are satisfied that no stipulation of the character described, either oral or written, was ever made. This point, not suggested in the oral argument, has been forcibly made in petitioners' brief filed since, and to their contention we can see no good answer. The stipulations shown by the minutes were, first, one fixing as the time for trial a date within one year from the filing of the answer, and, second, two continuing the trial, the later one carrying it to a date within fifteen months after the filing of the answer. The statute says that the court must dismiss the action "unless such action is brought to trial *within five years* after the defendant has filed his answer, except where the parties have stipulated in writing *that the time may be extended.*" This seems to us to say very clearly that unless the parties have, in effect at least, stipulated in writing that

the action need not be brought to trial within five years from the date of the filing of the answer, it must be dismissed at the expiration of such five years, if not "brought to trial" within that time. A stipulation in terms waiving the benefit of this section, or one in terms providing that the time fixed by the section within which trial must be had, shall be extended indefinitely or for a definite time, or a series of stipulations continuing the trial to a date beyond the five year period, might any of them suffice as an answer to a motion to dismiss, and constitute a stipulation in writing that the time (*the five year period*) shall be extended. But no such effect can fairly be given to a stipulation fixing a trial date within one year of the filing of the answer, or to two others continuing the trial date to a time within fifteen months of such filing. There is nothing in this that can fairly be taken as indicating any consent on the part of the defendants that the five year period shall be extended by as much as a single minute, or as intimating to plaintiff that any such extension would be permitted. It is a stipulation in writing extending the *five year period* that the statute provides for, and without such a stipulation, certainly in the absence of some element of estoppel, there can be no effective answer to a motion to dismiss, if the action has not been "brought to trial" within such period. The language of the statute is so plain in this regard that no other intent can be attributed to the legislature. We are not concerned here with the exact meaning of the term "brought to trial," for it is manifest that with whatever liberality we construe it in favor of plaintiff here, this action was not brought to trial within five years of the date of the filing of the answer.

It appears that the former administrator of the estate of Hulsey, the original defendant administrator, died in February, 1915, and that petitioner Larkin was not appointed administrator until October 30, 1915, and was not substituted herein as a party until November 2, 1915. All this, however, was *after* the expiration of the five year period, and cannot by any possibility affect the determination of this proceeding.

It further appears that one Mr. Isaacs was the original attorney for plaintiff, that he died June 8, 1911, and that from June 8, 1911, to October 19, 1915, plaintiff had no attorney in the action. No notice was served on plaintiff requiring it to appoint another attorney in place of Mr. Isaacs or

to appear in person, until September 23, 1915. It is claimed that under these circumstances, the running of the five year period was suspended from June 8, 1911, to September 23, 1915. This contention is based on section 286 of the Code of Civil Procedure, which provides that:

"When an attorney dies, or is removed or suspended, or ceases to act as such, a party to an action, for whom he was acting as attorney, must, before any further proceedings are had against him, be required by the adverse party, by written notice, to appoint another attorney, or to appear in person."

Clearly, this section has no application here. It means no more than it plainly says, viz., that no *proceedings* may be had against him, no judgment or order or other step in the action taken, until he appoints an attorney, unless the prescribed notice be first given. The mere running of this five year period, which had commenced to run prior to the death of Mr. Isaacs, was not a "proceeding" had against the plaintiff, even under the very liberal definition given that term as used in section 473 of the Code of Civil Procedure, in *Stonesifer* v. *Kilburn,* 94 Cal. 43, [29 Pac. 332]. A good illustration of what is meant by the term "proceedings" as here used is the dismissal sought by motion in the superior court in this very case, prior to the making of which motion the defendants gave the notice contemplated by the section. It must be confessed that the opinion of the district court of appeal of the second district in *Troy Laundry etc. Co.* v. *Drivers' etc. Co.,* 13 Cal. App. 115, [109 Pac. 36], supports the claim of respondent as to the effect of section 286 in this regard, but we are satisfied that the views there expressed are erroneous. No petition for a hearing of that matter by this court was ever presented, and the opinion therein has never received our approval. The court might well have refused to dismiss the appeal there involved in the exercise of a wise discretion, thus reaching the same result that it did reach, but to hold that the death of the appellant's attorney during the time allowed for the filing of the opening brief *ipso facto* extended the time for the filing of such brief is not warranted by anything said in section 286 of the Code of Civil Procedure, or by any other rule of law of which we are aware.

The original attorneys of the petitioners as defendants in said action were the firm of Reed and Dozier. According to the answer, Mr. Reed died shortly after the death of Mr.

Isaacs, and Mr. Dozier, in December, 1908, or thereabouts, removed his office from Redding to San Francisco and ceased to act as attorney for any of said defendants. Even assuming that for a portion of the five year period there was no acting attorney of record for any of the defendants, we cannot see that such fact avails plaintiff in that action at all. The plaintiff could nevertheless have brought the case to trial, resorting to the procedure contemplated by section 286 of the Code of Civil Procedure, which we have just referred to.

We see no force whatever in the claim that under the circumstances of this case petitioners are estopped to claim that the action should be dismissed.

Respondent urges as material the fact that the action was one to quiet title, and that the defendants in their answer set up their own alleged title, and asked that they be adjudged the owners. Reliance is placed upon what is said in the opinion of the district court of appeal of the first district in *Hickman* v. *Lynch,* 27 Cal. App. 354 [149 Pac. 997], to the effect that upon the filing of a cross-complaint by a defendant, the defendant became an aggressive and interested actor in the presentation of at least one phase of the case, and was therefore charged in part with the duty of bringing the case on for trial. The court therefore held that section 583 of the Code of Civil Procedure had no application. That action was one for the recovery of money, in which the defendants, some two years and a half after the filing of the answer, had obtained leave to file, and had filed, a cross-complaint. Whatever may be said as to the correctness of the views of the district court of appeal as applied to such a case as the one before it, it is clear that they have no application here. While it is settled in this state that in an action to quiet title a defendant called upon by plaintiffs' action to quiet title to land to set up his own claim of title may file a cross-complaint setting up his own alleged ownership and asking that he be adjudged the owner, or may do the same thing in his answer, ordinarily no such practice is essential to his protection, as a conclusion against the plaintiff upon the issues raised by the complaint and answer fully determines the title as between the parties, and protects the defendant against any claim of the plaintiff as to title as fully as an affirmative decree in his favor would do. There is nothing before us to indicate or suggest that the action here involved is out of the ordinary

in this regard. The principal object of such a practice would appear to be to prevent a plaintiff from dismissing his action before trial without the consent of the defendant. (Code Civ. Proc., sec. 581, subd. 1; see *Islais etc. Water Co.* v. *Allen,* 132 Cal. 432, [64 Pac. 713].) What a defendant so situated is doing is really and substantially purely defensive. Brought into court by the plaintiff to defend his alleged title, he is simply defending it. It would seem unreasonable to hold that simply by reason of the fact that a defendant whose alleged title is thus assailed by a plaintiff asks for a decree adjudging that it is good as against such plaintiff, becomes an actor in the case in the sense that any duty devolves on him to bring the plaintiff's asserted claim to trial. We do not think that section 583 of the Code of Civil Procedure should be so construed.

It is urged that the issuance of a writ of mandate is not a matter of right, but a matter of discretion, and should never issue where it will work injustice or operate harshly, or where it will not promote substantial justice. If we assume all this to be true, we still have no basis on which to hold that the dismissal of the action here involved will have any such effect. As has been said, as to the matter of discretion in such cases, "where one has a substantial right to protect or enforce, and this may be accomplished by such a writ, and there is no other plain, speedy and adequate remedy in the ordinary course of law, he is entitled as a matter of right to the writ," and a court cannot lawfully refuse it. (*Gay* v. *Torrance,* 145 Cal. 144, 148, [78 Pac. 540].) This, in view of what we have said, is such a case.

It is suggested that in no event can the action be dismissed as to the Shasta Dredging Company, and that as petitioners sought a dismissal of "the action," and as the alternative writ heretofore issued required a dismissal of "the action," a writ should not issue requiring a dismissal of the action only as to the petitioners here. The rule invoked is that a petitioner for such a writ is concluded by the terms of the alternative writ, and that where the alternative writ is awarded for a purpose partly proper and partly improper, the court will not enforce it by a peremptory *mandamus* as to that which is proper, but will give judgment for the respondent. (*Gay* v. *Torrance,* 145 Cal. 144, [78 Pac. 540].) A ruling in favor of respondent on this point would be of little avail to plaintiff in the action,

as what we have already said makes it manifest that the superior court would be compelled to dismiss the action as to these petitioners, either on its own motion or their motion hereafter made. But we think the rule invoked should not be applied under such circumstances as appear here. No such point is made by anything alleged in the answer of respondent. The motion for dismissal already made in the superior court was, as appears from the notice of motion annexed to the petition, simply for the dismissal of the action "as to these defendants," viz., the petitioners here. In the light of all the circumstances, the proceedings here, including the alternative writ, may fairly be regarded as simply looking to the dismissal there sought, a dismissal of the action as to the petitioners, the only thing in which petitioners appear to have any beneficial interest. It may properly be added that the rule invoked is not an iron-bound one, to be enforced by a court regardless of circumstances, but is one to be applied in consonance with principles of fairness and justice.

What we have said disposes of the many points made by learned counsel for respondent. We see no answer to the claim that in view of the provisions of section 583 of the Code of Civil Procedure, the superior court is without authority to take any course in the action referred to, so far as petitioners are concerned, except to order the action dismissed as to them.

Let a peremptory writ of *mandamus* issue requiring respondent to dismiss, as to the petitioners, the action referred to.

Sloss, J., Melvin, J., Henshaw, J., Lawlor, J., and Shaw, J., concurred.