[Civ. No. 4985. Second Appellate District, Division One.—October 15, 1925.]

## JOSEPH G. SAUER, Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

[1] DISMISSAL — FAILURE TO SERVE AND RETURN SUMMONS WITHIN STATUTORY TIME—JURISDICTION—PROHIBITION.—Under section 581a of the Code of Civil Procedure, the court is without jurisdiction to proceed further in an action, where the summons has not been served and return thereon made within three years after the commencement of the action; and where it attempts to further proceed, it may be prevented by writ of prohibition from doing so.

[2] ID.—STATUTES—RULES OF PRACTICE.—Rules of practice which have been long established upon a definite understanding of a statute should not be disregarded without a compelling reason.

[3] ID.—POSTPONEMENT OF PROCEEDINGS—STIPULATION—EFFECT OF.— The fact that a defendant signed a stipulation after the expiration of the statutory period within which summons should have been served and return thereon made, to the effect that he and a codefendant, shortly after the commencement of the action, secured a postponement of all proceedings therein by a certain oral agreement with the plaintiff, did not remove the case from the operative effect of the provisions of section 581a of the Code of Civil Procedure.

(1) 18 C. J., p. 1184, n. 96, 98.  (2) 36 Cyc., p. 1140, n. 61, 62. (3) 15 C. J., p. 806, n. 8; 18 C. J., p. 1176, n. 42 New.

PROCEEDING in Prohibition to prevent Superior Court of San Diego County from further proceeding in action because of provisions of section 581a of the Code of Civil Procedure.  Writ granted.

The facts are stated in the opinion of the court.

E. F. Du Fresne for Petitioner.

Crouch & Sanders for Respondents.

1.  See 9 Cal. Jur. 534.
2.  See 7 Cal. Jur. 634; 7 R. C. L. 1002.
3.  See 9 Cal. Jur. 536.

CONREY, P. J.—On writ of prohibition. On the twenty-fifth day of June, 1921, Brown, special administrator of the estate of Murray, filed his complaint against Anna M. Sauer and others for the foreclosure of a mortgage on real property in San Diego County. On the twenty-ninth day of December, 1924, pursuant to notice duly given, Joseph G. Sauer, petitioner herein, who was a defendant in that action, presented to the Superior Court his motion for an order to dismiss said foreclosure action and for judgment of dismissal thereof. The stated ground of the motion was as follows: ''That more than three years have elapsed since the commencement of said action, and a summons has not been served and return thereon made within three years after the commencement of said action, according to the provisions of section 581a of the Code of Civil Procedure of the State of California. . . . '' There is no contention that the summons in said action was not issued promptly. The motion was heard upon affidavits and the record of the action. The Court denied that motion, and in connection therewith asserted its jurisdiction to further proceed in said action, and will so proceed unless prevented by peremptory writ of prohibition.

Contending that the Superior Court is without jurisdiction to proceed further in said action, petitioner relies upon the following provisions of section 581a of the Code of Civil Procedure: ''No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have issued within one year, and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action. But all such actions may be prosecuted, if appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served; . . . ''

The affidavits and record show that no appearance in the action was made by the petitioner within three years

from the time of commencement of the action. It does appear from the affidavits, and we assume the fact to be, that on November 13, 1924, petitioner, as defendant in said action, signed and delivered to plaintiff's attorney a document wherein he stated that about one week after the action was commenced, said defendant J. G. Sauer and his codefendant, Anna M. Sauer, secured a continuance and postponement of all proceedings therein by agreement with the plaintiff that they be given time to refinance the loan and pay off the note and release the mortgage. "And that any additional delay that may be taken would be for the same purpose, and these defendants will not take advantage of such delay." Also there is other evidence that said defendants had so obtained a continuance and postponement of all proceedings in the action, but there is no evidence that any agreement made by them in that connection was made in writing.

[1] Section 581a was added to the Code of Civil Procedure in the year 1907. But it was not new legislation. The same provisions, without any material difference, had been contained in section 581, as subdivision 7 thereof, for many years prior to 1907. During this long period of time, these provisions of the code have been the subject of discussion by the supreme court in many cases. Some of the principal cases were reviewed in *Davis* v. *Superior Court*, 184 Cal. 691 [195 Pac. 390]. The actual case there presented arose under section 581b, which, in language identical with section 581a, prohibits the further prosecution and requires the dismissal of an action in which, after an order for change of venue, the plaintiff has not within the required time paid the costs and fees incident to such change of venue. The decisions relating to section 581a, of the Code of Civil Procedure, were therefore directly applicable in determining the meaning and effect of said section 581b. The supreme court summarized the matter as follows: "It appears, therefore, as matter of law, from the facts disclosed by the moving papers, that the fees had not been paid in time. This being the case, it follows, under the plain provisions of section 581b and the principles established by the decisions above cited in regard to the meaning and application thereof, that the superior court had then no power or jurisdiction to entertain the motion or to

do anything in the action except to dismiss it. If there had been no judgment of dismissal at that time, the only duty resting upon the court and the only power it had, from the admitted facts, was to enter a judgment of dismissal.'' It will be seen that the court thus directly held that on the record made in the case, the court had lost jurisdiction of the action except for the single purpose of dismissal. For that reason the court in that case issued a peremptory writ of prohibition forbidding the superior court to proceed further in the action.

Respondent attempts to establish a difference between that part of section 581a which deals with cases where the summons has not been issued within one year, and the remainder of the section. The contention is that that part of the section which declares that the action shall not be further prosecuted and no further proceedings shall be had therein does not apply except in cases where the summons has not been issued within one year; that where the defect consists only in the fact that the summons has not been served and return made thereon within three years after the commencement of the action, the only penalty is that the action must be dismissed. The argument is that even though it be conceded that in the first instance the court is without jurisdiction to proceed further, it retains its jurisdiction in the second instance. In view of the fact that in several decisions the rule adverse to respondent's contention has been enforced without regard to this attempted distinction, we do not feel at liberty to make such distinction at this time. [2] Rules of practice which have been so long established upon a definite understanding of a statute should not be disregarded without a compelling reason. For a list of cases in which the rule of section 581a has been applied to the full extent in cases where the summons (although issued promptly at commencement of action) was not served and returned within the prescribed period of time, see *Bellingham Bay Lumber Co.* v. *Western Amusement Co.,* 35 Cal. App. 515, 518 [170 Pac. 632].

[3] Respondent further contends that the stipulation signed by petitioner, to which we have referred, was a waiver of petitioner's right to ask for a dismissal of the action, and that this waiver is sufficient to authorize the Court to proceed with the action. To adopt this view of the matter

would be, in effect, to deny that at the time when said stipulation was made the Court had lost jurisdiction of the case, or to hold that, by stipulation of the parties, a jurisdiction which has been lost can be resumed. Neither of these alternatives can be accepted. There have been several instances in which it has been sought to avoid the effect of section 581a (or subdivision 7 of section 581, as formerly in force), by showing that the delay and failure to serve summons was at the solicitation of the defendants or pursuant to stipulations made by them. In *Siskiyou County Bank* v. *Hoyt*, 132 Cal. 81 [64 Pac. 118], there is a review of such cases which had been decided prior to that time. The court held that notwithstanding such solicitations made by defendant, accompanied even by a verbal authority to take judgment in the case at any time, these facts were not sufficient to remove the case from the operative effect of said provisions of the code. So far as we are aware, this decision in *Siskiyou County Bank* v. *Hoyt, supra,* has not been overruled.

Let the peremptory writ issue.

Houser, J., and Curtis, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 14, 1925.