[Sac. No. 3994. Department Two.—May 15, 1928.]

WUTCHUMNA WATER COMPANY (a Corporation), Plaintiff, v. GILBERT F. STEVENSON, Respondent.

Everts, Ewing, Wild & Everts, Guy Knapp, Dan F. Conway and L. W. Young for Appellant.

Farnsworth, Burke & Maddox and Power & McFadzean for Respondent.

RICHARDS, J.,—This appeal is from a judgment of dismissal of this action given and made under section 583 of the Code of Civil Procedure for want of prosecution. The action was commenced on August 5, 1921, and was an action for the specific performance of an agreement in writing entered into between the parties on September 6, 1913, by

the terms of which the defendant herein agreed to build and construct a levee about and around a certain artificial lake in the county of Tulare known as Woodlake or Bravo Lake, such work to be commenced immediately and to be completed within five days; or if specific performance was not available, then for damages for the breach of said contract. The defendant, on September 2, 1921, filed his demurrer and answer and also filed and served a cross-complaint and counterclaim, to which the plaintiff demurred. Nothing further was done in the action until July 20, 1926, when plaintiff, in the meantime having procured a new set of attorneys, gave notice of motion that on July 26, 1926, it would call up said demurrers for hearing and determination. Thereupon the defendant moved for an order dismissing the action for want of prosecution. The plaintiff thereupon filed an answer to defendant's cross-complaint, and the whole matter came on for hearing on August 2, 1926, when the defendant's motion to dismiss was argued and submitted. The trial court, on August 9, 1926, granted said motion, and from the judgment or order dismissing the action this appeal has been taken.

The sole contention of the appellant is that the fact that the defendant had filed in connection with his answer a cross-complaint and counterclaim took this case out of the operation of the provisions of section 583 of the Code of Civil Procedure, and that the court therefore abused its discretion in granting the defendant's motion made under said section for a dismissal of this action. We can see no merit in this contention. This cause had been allowed to slumber for four years and ten months or over after the defendant's answer had been filed without any apparent effort on the part of the plaintiff to bring the matter on for hearing. The fact that the defendant had also appeared, seeking affirmative relief by way of cross-complaint and counterclaim did not serve to relieve the plaintiff of the duty cast upon it to promptly prosecute its action, and certainly did not relieve it of the duty of offering upon the hearing of the defendant's motion to dismiss some adequate reason or excuse for the delay. The case of *Hickman* v. *Lynch*, 27 Cal. App. 354 [149 Pac. 997], upon which the appellant chiefly relies, was decided on the authority of *Jacot* v. *Marks*, 26 Misc. Rep. 670 [57 N. Y. Supp. 904], which

latter case was reversed on appeal, and has been otherwise disapproved in other jurisdictions, and the case of *Hickman* v. *Lynch, supra,* if not actually disapproved, has been substantially so in the cases of *Larkin* v. *Superior Court,* 171 Cal. 719 [Ann. Cas. 1917D, 670, 154 Pac. 841], and *Miller & Lux, Inc.,* v. *Superior Court,* 192 Cal. 332 [219 Pac. 1006]. The trial court in the instant case evidently considered that the defendant by his motion to dismiss the action had waived or abandoned any affirmative relief which he might have sought under his cross-complaint and counterclaim. In the absence of any showing on the part of the plaintiff other than that above stated, excusing its delay, we are unable to hold that the trial court abused its discretion in its order dismissing this action.

The judgment is affirmed.

Shenk, J., and Langdon, J., concurred.