[Civ. No. 6817. Second Appellate District, Division One.—December 3, 1929.]

CORA CRUSE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Fairfax Cosby and Benjamin Lewis for Petitioner.

J. L. Murphey and S. V. O. Prichard, Deputy County Counsel, for Respondents.

HOUSER, J.—In an action in the Superior Court brought by Cora Cruse (who is the petitioner herein) against Edgar Cruse, her husband, for the separate maintenance of the wife and the support of the three minor children of the parties, an order was duly made requiring the defendant thereafter to pay to the plaintiff a specified sum of money each succeeding week. Some years following the date of

such order, it appearing by affidavit made by the plaintiff in the action that the defendant therein was in default as to the payments to be made by him to his wife under such order, in pursuance of a motion presented to the Superior Court a second order was entered by which the defendant was required to deposit with a trustee appointed by the court a certain trust deed note owned by the defendant as security for the payment by the defendant to the plaintiff of a specified sum of money each succeeding month thereafter in liquidation of the accumulated arrearage of $989.50 which was found and adjudged by the Superior Court to be due on the original order made for the support and maintenance of the plaintiff and the minor children of the parties. The written order by which the defendant was required to deposit said trust deed, among other things, contained the statement that "nothing herein set forth is intended to prevent or limit the plaintiff from levying an execution and selling said note and trust deed to satisfy said judgment of $989.50." In compliance with said order the defendant delivered the trust deed note to the said trustee appointed by the court for the purposes aforesaid. Nine days after said last-mentioned order had been made, the defendant gave notice to the plaintiff that on a designated date he would move the Superior Court for an order of dismissal of the action pending between the parties on the ground, as provided in section 583 of the Code of Civil Procedure, that the action had been at issue for more than five years, to wit, more than fourteen years, without having been brought to trial. Thereafter, but before said motion to dismiss the said action came on for hearing, under a writ of execution the plaintiff procured said trust deed note in the hands of the said trustee to be levied upon and sold by the sheriff—the plaintiff becoming the purchaser thereof at such sale for the amount due to her as aforesaid from the defendant, plus the costs of such sheriff's sale. Two days following the date of such sale, in pursuance of the motion presented to the Superior Court by the defendant, the action pending between the plaintiff and the defendant was ordered dismissed on the ground, as set forth in said motion, that the action had been at issue for more than five years without having been brought to trial. Within two or three weeks next succeeding the date of the order of dismissal of the

action the defendant presented a petition or motion to the Superior Court for an order setting aside and voiding the "execution or order of sale" and setting aside "the sheriff's sale of the property of the defendant." On the original hearing of such motion the plaintiff objected to a consideration thereof on the ground that the court was without jurisdiction in the premises for the reason that the action theretofore had been dismissed. Thereupon the defendant filed a notice of motion to vacate the order of dismissal of the action. The several motions then having come on for hearing, and at the conclusion thereof, the judge of the Superior Court having indicated that each of such motions would be granted, the plaintiff has petitioned this court for a peremptory writ of prohibition by which the Superior Court and a designated judge thereof may be restrained from proceeding further in the matter of either of such motions.

In part, section 583 of the Code of Civil Procedure provides that " . . . any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time may be extended. . . . "

The positive character of such statutory provision and its effect upon an action falling within its terms is illustrated by the statement found in 9 California Jurisprudence, page 534, where it is said: " . . . When the delay equals that prescribed by the statute, the court loses jurisdiction of the action and can proceed no further therein, except to dismiss the action, and prohibition will lie to prevent it from taking any other course. . . . " (Citing authorities.)

The only case to which the attention of this court has been directed which under appropriate circumstances might possibly indicate a discretionary power resting in the trial court in the matter of ordering a dismissal of an action not brought to trial within five years after the same is at issue, is that of *Larkin* v. *Superior Court,* 171 Cal. 719 [Ann. Cas. 1917D, 670, 154 Pac. 841].

That the language of the statute does not admit of construction or the exercise of any discretion in the trial court, but that upon the lapse of the prescribed period the dismissal of the action is mandatory, is attested by many authorities. In the case of *Ravn* v. *Planz,* 37 Cal. App. 735, 736 [174 Pac. 690], it is said:

"The provision of section 583 above set forth is mandatory. (Citing authorities.) The circumstance, therefore, that the trial of the cause was postponed several times without plaintiff's consent, one of those occasions being a relatively short time before the date when the defendant would be entitled to require the court to dismiss the action, is a matter of no significance. Courts are, of course, loath to deny to a litigant a trial upon the merits; but the section of the Code of Civil Procedure above recited. directs in plain terms that it shall be done when a case falls within the conditions stated; and the present is such a case. The trial court had no discretion. The motion being made, its duty was to dismiss. To relax the rule to cover hard cases would be to set at naught the express will of the legislature."

In the case of *Boyd* v. *Southern Pac. R. R. Co.,* 185 Cal. 344 [197 Pac. 58, 59], on motion of the plaintiff made a few months before the expiration of the five-year period, the case was set for trial on a date subsequent to the expiration of such period. A judgment based upon an order dismissing the action was affirmed. In part, the court said:

"The mandatory character of these provisions (sec. 583, Code Civ. Proc.) of the statute is evident, and our decisions have held that such is in fact their character. (*Larkin* v. *Superior Court,* 171 Cal. 719 [Ann. Cas. 1917D, 670, 154 Pac. 841].) In the present case, the action was one set for trial at a time something over a year after issue joined by answer, but the trial date was continued indefinitely by stipulation. Some years later, and a few months before the expiration of the five-year period, the plaintiff moved that the case be set again for trial, and this was done but for a date after the expiration of the period. Upon the expiration of the period and before the trial date, the defendant moved that the action be dismissed, and the order of dismissal was made."

See, also, *Davis* v. *Superior Court,* 184 Cal. 691 [195 Pac. 390]; *Sauer* v. *Superior Court,* 74 Cal. App. 580 [241 Pac.

570]; *Swortfiguer* v. *White,* 141 Cal. 576 [75 Pac. 172]; *Modoc L. & L. Co.* v. *Superior Court,* 128 Cal. 255 [60 Pac. 848]; *White* v. *Superior Court,* 126 Cal. 245 [58 Pac. 450]; *Vrooman* v. *Li Po Tai,* 113 Cal. 302 [45 Pac. 470].

 It must therefore be concluded that within the authorities hereinbefore cited, in view of the fact that at the time the motion for dismissal was made the action herein had been at issue for more than five years, to wit, more than fourteen years, without having been brought to trial, on the presentation to the Superior Court of the motion to dismiss the action it became the imperative duty of such court to grant the motion. It is plain that, at least after the action had been dismissed, the Superior Court was without jurisdiction to hear or determine any motion unrelated to the dismissal of the action which thereafter might be presented therein; and consequently that, so far as the motion made by the defendant to vacate the sale and "the execution or order of sale" was concerned, no authority was vested in the Superior Court to consider the same. As to the motion made by the defendant, purportedly under the provisions of section 473 of the Code of Civil Procedure, by which he sought to be relieved from the effect of his own "mistake, inadvertence, surprise, or excusable neglect" in having the action dismissed at his own instance, it becomes unnecessary to decide whether the language of such statute is sufficiently broad and comprehensive to cover a situation such as is here presented.

The case of *Davis* v. *Superior Court,* 184 Cal. 691 [195 Pac. 390, 392], depended upon a construction of section 581b of the Code of Civil Procedure, the provisions of which in principle are analogous to those contained in section 583 of that code. In the case referred to it appeared that, contrary to the provisions of section 581b, for a period of over one year the plaintiff had failed to pay the required filing fee in an action which on motion of the defendant had been removed from the county in which the action was originally filed to the county in which the defendant resided, and that thereupon (also on motion of the defendant) the action had been dismissed. On motion made by the plaintiff to vacate such order of dismissal, it was admitted that the required fee for filing the action in the county to which the action had been transferred had not been paid within

the time prescribed by the statute. The facts upon which the success of the motion to vacate the order of dismissal of the action rested were that the attorney for the plaintiff, who resided in the county in which the action was originally commenced, had retained another attorney to represent the plaintiff and which attorney resided in the county to which the action had been transferred, to which latter attorney had been sent the money with which to pay the required filing fee; but that, although the money had been duly received by such latter attorney, the filing fee had not been paid. In discussing the point relating to the jurisdiction of the Superior Court to vacate the order of dismissal of the action, in part the Supreme Court said:

" . . . Respondent argues that the court had jurisdiction, under section 473 of the Code of Civil Procedure, to set aside the judgment of dismissal, and that its order to that effect is therefore conclusive, except upon direct appeal. It may be conceded for the sake of the argument, that if the judgment of dismissal had been set aside on the ground that, although the fees had been paid in time, it was given by reason of some inadvertence and neglect of the plaintiff whereby she had failed to appear, or, having appeared, had failed or had been prevented from showing facts which would have justified a refusal to give that judgment, and she had, on the motion to vacate it, shown that she had good grounds on the merits for opposing the dismissal, the superior court would have had jurisdiction to vacate the judgment of dismissal, and that the order to vacate it could not be attacked by a proceeding in prohibition.

"But that is not the case we have before us. The only answer that could have been made to the application for dismissal in the present case, and the only ground that would have been sufficient to warrant a vacation thereof after such judgment was given, would be that the fees for filing the pleadings and papers had actually been paid within the year allowed by section 581b, or, possibly, that the plaintiff had been prevented from making such payment by some fraud or other conduct of the defendant that would have created an estoppel against him to claim the benefit of the provisions requiring a dismissal. . . .

"It appears, therefore, as matter of law, from the facts disclosed by the moving papers, that the fees had not been

paid in time. This being the case, it follows, under the plain provisions of section 581b and the principles established by the decisions above cited in regard to the meaning and application thereof, that the superior court had then no power or jurisdiction to entertain the motion or to do anything in the action except to dismiss it. If there had been no judgment of dismissal at that time, the only duty resting upon the court and the only power it had, from the admitted facts, was to enter a judgment of dismissal. And this was a continuing duty and the sole power of the court even after it had made the order vacating the dismissal. . . . It had no power to do anything else. . . . '' To the same effect, see *Sauer* v. *Superior Court,* 74 Cal. App. 580 [241 Pac. 570].

In the instant case, on the motion to vacate the order of dismissal of the action, the defendant made no showing which in any way tended to controvert the fact that the cause had been at issue for more than five years without having been brought to trial. That fact was acknowledged; indeed, the motion to dismiss having been made by the defendant, the success of his motion depended upon that fact. The only circumstance suggested by the defendant as constituting even an approach to ''mistake, inadvertence, surprise, or excusable neglect'' on his part was that at the time he made the motion to dismiss the action he was not aware of the fact that under the writ of execution hereinbefore referred to the trust deed note belonging to the defendant had been sold by the sheriff and that ''if he had had notice or knowledge that the said note had been levied upon and sold by the sheriff as aforesaid, he would not have made the motion to dismiss said action, . . . '' But it is apparent that such lack of knowledge or notice on the part of the defendant could in nowise either prove or tend to prove that the time limit of five years after the cause was at issue without having been brought to trial had not expired, or that any legal excuse existed for the delay beyond the statutory period. Nor would either the fact that the said trust deed note had been regularly levied upon and sold by the sheriff, or that the defendant was wholly unaware of or without notice of such circumstance, be pertinent or relevant to the only issue which could be properly raised on the motion to vacate the order of dismissal of the action. The

ground relied upon by the defendant for such result was wholly immaterial to and had no bearing upon the question as to whether the five-year period prescribed by the statute had legally and within the intent and purpose of the statute expired without the cause having been brought to trial. From the authorities hereinbefore cited the principle of law may be deduced that, unless the motion to vacate a dismissal of an action is based upon some state of facts which directly affects the grounds upon which the dismissal was authorized and granted, the court is without jurisdiction and may be prevented from proceeding with a consideration of the motion to vacate the order of dismissal.

Although as having some bearing upon a decision of the main point in the present proceeding before this court, many different suggestions are made by the respective parties hereto, each of such points being dependent upon the points already considered, it is thought unnecessary to devote the necessary time and energy to a decision of any of them which otherwise they would be entitled to receive.

It is ordered that the respondents and each of them be and they are restrained from further proceeding in the action to which reference has been had herein and which is entitled and numbered respectively in the Superior Court, Cora Cruse, Plaintiff, *v.* Edgar Cruse, Also Known as Edward P. Cruse, Defendant, No. B26529.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 19, 1929, and the following opinion then rendered thereon:

THE COURT.—On petition for rehearing respondents direct the attention of this court to an error which occurred in the statement of facts in the opinion herein, wherein in effect it is said that in compliance with said (written) order the defendant Cruse delivered the trust deed note to the trustee appointed by the trial court. As a matter of fact, the trust deed note in question was delivered by defendant Cruse to said trustee in compliance with the requirements of the original order (as distinguished from the written order) made by the trial court and entered on its minutes

several days preceding the date of the written order to which reference is had in the opinion. It should also be noted that the original order as entered on the minutes of the trial court did not contain the statement that "nothing herein set forth is intended to prevent or limit the plaintiff from levying an execution and selling the said note and trust deed to satisfy said judgment of $989.50."

The petition for rehearing is denied.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 30, 1930.

All the Justices present concurred.