[Civ. No. 4539. Third Appellate District.—March 11, 1932.]

EDWARD P. CRUSE, Appellant, v. EDWARD G. GRUBBS et al., Defendants; CORA CRUSE et al., Respondents.

Louis Luckel and John A. Whalen for Appellant.

Everett W. Mattoon, County Counsel, S. V. O. Prichard, Deputy County Counsel, Benjamin Lewis, Fairfax Cosby and Milton Mitchell for Respondents.

PLUMMER, J.—The plaintiff began this action to obtain a judgment setting aside and declaring void the sale of a certain note and mortgage, and to obtain damages. To this complaint the demurrer of the defendants was sustained, with leave to the plaintiff to amend. The plaintiff having, in writing, declined to amend, judgment was entered in favor of the demurring defendants. From this judgment the plaintiff appeals.

The record shows that the plaintiff Edward P. Cruse and the defendant Cora Cruse were husband and wife. That on or about the third day of July, 1915, the defendant Cora Cruse commenced a separate maintenance action against the plaintiff in this action, to obtain a judgment requiring the plaintiff to pay a certain sum for the support and maintenance of the defendant Cora Cruse, the plaintiff in the action referred to, and the minor children of the plaintiff and defendant in said action. During the course of the action referred to, which was numbered in the trial court as follows, to wit: "B–26529"—an order was made requiring the defendant in that action, the plaintiff in this, to pay to the plaintiff in that action, the defendant in this, the sum of $3.75 per week. That thereafter, the amount decreed to be paid weekly was fixed at the sum of $5. Said sum not having been paid, an application was made to the trial court to have placed in the hands of a trustee a certain note in the sum of $2,747, secured by trust deed, with directions to collect the monthly installments, provided to be paid thereon, and out of such payments, pay to the said Cora Cruse the sum of $10 per month and to Edward P. Cruse the sum of $35 per month until the arrears found to be due to said Cora Cruse in the sum of $985.50 had been paid in full, and also pay to the attorneys for said Cora Cruse the sum of $50, said attorneys' fees being made payable within twenty-four hours.

The order for the payment of this sum of money and the impounding of the note and trust deed was made and

entered in the minutes of said court on the nineteenth day of June, 1929, and reads as follows, so far as material here:

"Order to show cause *re* modification of certain court order and contempt; order to show cause *re* modification of certain court order and restraining order; and motion *re* contempt coming on for hearing; plaintiff present with her attorneys, Fairfax Cosby and Benjamin Lewis, and defendant with his attorney, J. L. Murphey. Plaintiff, Frances Cruse, Erma Cruse, Edward Cruse and P. W. Croak are sworn and testify. Contempt proceedings dismissed. Court finds the defendant to be in default $989.50; arrearage to be a lien upon the trustee deed and trust deed note. Trustee deed and note to be impounded with court trustee, W. H. Holland, who is to collect payments on trust deed, and pay $10.00 per month to plaintiff, and $35.00 per month to defendant. Order for future support is suspended until arrearage is paid at the rate of $10.00 per month from trustee deed. $50.00 attorney's fees payable within 24 hours."

Thereafter, and on or about the first day of July, 1929, the trial court signed a written order in relation to the impounding of said note and mortgage, the collection of the installments to be paid thereon, which said order is in the words and figures following, to wit (so far as material here):

"The court finds that the defendant, Edgar Cruse, also known as Edward P. Cruse, is in arrears in the sum of $989.50, up to the 31st day of May, 1929, which sum is the amount due to the above named plaintiff for money ordered paid by said defendant to said plaintiff by the above entitled court. It is further ordered, adjudged and decreed that the note and trust deed executed by Edward S. Grubbs and Mildred T. Grubbs in favor of J. L. Murphey, as trustee, and the defendant, Edgar Cruse, also known as Edward P. Cruse, as beneficiary, which note and trust deed are dated April 23, 1929, and recorded May 4, 1929, in book 9150, page 295, official records of the county recorder's office of Los Angeles county, be impounded with the trustee of the above entitled court for the benefit of plaintiff, to secure the aforementioned sum of $989.50 to the plaintiff. It is further hereby ordered that the defendant forthwith pay to plaintiff, for her attorney's fees in making the aforesaid application herein, the sum of $50.00, in addition to the sum heretofore ordered, to-wit, $989.50. Nothing herein set forth

is intended to prevent or limit the plaintiff from levying an execution and selling said note and trust deed to satisfy said judgment of $989.50.''

Upon the same day the attorneys for Cora Cruse filed an affidavit and obtained from the court an order for the issuance of an execution. The affidavit and order for the issuance of the execution are as follows, to wit:

''Benjamin Lewis, being duly sworn, deposes and says: That he is associated with Fairfax Cosby, attorney for plaintiff herein; that upon a hearing duly had the court made an order that there is due and unpaid from the defendant to the plaintiff the sum of $989.50, no part of which has been paid. That the defendant knew of said order and was present in court when same was made. Wherefore, affiant prays that execution issue for the aforesaid sum.

''(Signed)  Benjamin Lewis.

''Subscribed and sworn to before me this 1st day of July, 1929.

''(Seal)          L. E. Lampton, County Clerk.
''By E. D. Doyle.

''7/1/29.

''Let execution issue accordingly.

''(Signed)  Elias V. Rosencranz, Judge.''

Thereafter, and on the sixth day of July, 1929, said note and mortgage were sold upon execution and purchased by the defendant in this action, Cora Cruse, for the sum of $1,007.72, being the amount found due the said Cora Cruse, heretofore stated, the costs and expenses of making sale.

Prior to the making of the written order dated July 1, 1929, the plaintiff in this action, the defendant in the action referred to as numbered ''B–26529'', had given notice of a motion to dismiss said action for want of prosecution, which motion was heard on the eighth day of July, 1929, and the action theretofore begun by Cora Cruse against the said Edward P. Cruse was dismissed for want of prosecution. Thereafter, the plaintiff in this action sought, by motion, to have vacated the order made by the trial court on the first day of July, 1929, and also to vacate and set aside the order of dismissal made and entered in said action on the eighth day of July, 1929. Upon the application of the attorneys for Cora Cruse, any action upon these motions was prohibited by an injunc-

tion obtained from the District Court of Appeal. (See *Cruse* v. *Superior Court,* 102 Cal. App. 290 [283 Pac. 73].)

Appellant herein then began this action to have the written order signed and filed by the judge of the trial court, on the first day of July, 1929, in the action numbered "B–26529", vacated and set aside. In this action the complaint sets forth in full all of the proceedings taken and had in the original action, sets forth the orders to which we have referred, and among other things that after the entry of the order of June 19, 1929, providing for the impounding of the note and trust deed in the manner and form set forth in the order, that the attorneys for the said Cora Cruse and the said Cora Cruse conspired and concocted a scheme to obtain and by trick and device practiced upon the court in said action procured the signature of the judge of the trial court to the order dated July 1, 1929, purporting to be made in open court, which was in truth and in fact made in chambers, to be signed by said judge of said trial court, containing different provisions from the order originally made relating to the impounding of said note and trust deed, and also containing the following paragraph which did not appear in the original order, to wit: "Nothing herein set forth is intended to prevent or limit the plaintiff from levying an execution and selling said note and trust deed to satisfy said judgment of $989.50"; and thereupon to sign an order for the issuance of an execution as hereinbefore set forth.

It is further alleged in the complaint that no notice was ever given to the plaintiff in this action, the defendant in action numbered "B–26529", nor to his attorneys, of the application being made for the written order just referred to; that while it is recited that the matter came on for hearing on June 18, 1929, and continued to June 19, 1929, at which time the said Edward P. Cruse and his attorneys were in court, the order then made by the trial court was as hereinbefore stated, and that at the time the second order was made and the application made therefor, neither the said Edward P. Cruse nor any of his counsel were present, nor was any notice given of the application of the signing of said written order, and further, that the same was done secretly and for the purpose of defrauding the plaintiff in this action.

The complaint in the action before us, after setting forth further proceedings not necessary to be recited herein, contains the following paragraph as to damages, to wit:

"That plaintiff has been injured and has suffered damage by the acts of the said defendants, Cruse, Cosby and Lewis and Holland in the sum of not less than five thousand dollars ($5,000.00), in addition to the value of the said note and trust deed; that said acts have impaired his health, and caused him great pain and distress of body and mind, and have prevented him from receiving the benefits of his said property, and have prevented him from obtaining food and clothing for his daily needs; that said acts have necessarily required and compelled plaintiff to employ attorneys and counsel to advise him in the premises, and to represent him in court, and have caused him to pay and incur costs and other expenses, in order to protect his said property and to save his rights therein; and that his said expenses, costs, and the deprivation of his rights are of a continuing nature and character, and that his said injuries will continue to increase until the said controversy with the said defendants shall be terminated in the courts of this State."

To this complaint the defendants interposed both a general and special demurrer. The general demurrer alleges that the facts set forth in the complaint are not sufficient to constitute a cause of action. The special grounds of demurrer are as follows: "That the complaint is uncertain, in that it cannot be ascertained therefrom, and particularly from paragraph XLVIII thereof, how or in what manner the plaintiff suffered damages in the sum of $5,000.00, and how or in what manner the parties Cruse, Cosby and Lewis committed any acts, and if so, what acts, causing said damage." This demurrer was sustained and leave given to the plaintiff to amend. The plaintiff declining to amend, judgment went for the defendants.

By reason of the fact that the special demurrer appears to be well founded, it is unnecessary for us to pass upon the question as to whether the complaint is good as against the general demurrer. The complaint does not show in what manner, or how the plaintiff has been damaged in a sum not less than $5,000, in addition to the value of said note and trust deed, nor how the acts have impaired the health of the plaintiff, or to what extent he has been damaged

in his health, or how the plaintiff has been deprived of food and clothing, or what costs and expenses he has incurred, or how the injuries as to his health, or distress or pain, etc., will continue to increase until the controversy between the plaintiff and defendants shall have been terminated by the courts of this state. There is nothing in the complaint preceding this paragraph upon which to base such allegations of damage, and the paragraph itself does not specify how the act of the defendants, or what acts of the defendants have caused such damage. That the complaint might have been made good as against this ground of demurrer is beside the question. Appellant was allowed time in which to amend and declined so to do.

Concluding that the special ground of demurrer is good, it necessarily follows that the judgment of the trial court must be affirmed. And it is so ordered.

Thompson (R. L.), J., and Preston, P. J., concurred.