and that leave was given upon the payment of costs, together with an allowance amounting to $267. That an allowance may be made after issue joined upon the discontinuance of an action follows from the language of section 3253 of the Code of Civil Procedure, and it has been so understood by the courts. *Coffin* v. *Coke*, 4 Hun, 616; *Bright* v. *Railroad Co.*, 1 Abb. N. C. 14; *Robins* v. *Gould*, Id. 133; *Society* v. *Coe*, 15 Hun, 440. That the case was a difficult and extraordinary one has not been denied. It depended, as the other two also did, upon the construction which should be placed upon this act of the legislature. The value of the property recovered in the action which was tried was the sum of $1,820.70, and the allowance accordingly was necessarily small in its amount. In this action the value of the property in dispute was very much larger, and the court, considering the nature of the litigation, and of its dependence upon the construction of this act, made the further allowance in this action as being no more than an adequate amount to compensate the defendants for their services in resisting the litigation. It was probably intended by the order in this action to increase the allowance beyond the amount allowed in the second action to such a sum as would appear to correspond with the value of the property involved, and the question upon which the right to it depended. There was nothing unreasonable in making the addition which the court did in this action in this manner to the allowance in the preceding suit, and the order should be affirmed, with $10 costs besides the disbursements. All concur.

---

### CLARE v. CRITTENDEN.

*(Supreme Court, General Term, First Department. October 24, 1890.)*

PRACTICE IN CIVIL CASES—DISMISSAL—WANT OF PROSECUTION.

An action in which a counter-claim was pleaded, being on the calendar for trial, was reserved, and nothing further was done by either party for nearly three years, when defendant moved to dismiss for want of prosecution. Plaintiff thereupon offered to consent to restore the case to the calendar, and set it down for trial at the next term. *Held*, that the motion to dismiss was properly denied.

Appeal from special term, New York county.

Action by Almira B. Clare against Edward W. Crittenden for damages for breach of contract. The answer denied the damage, and set up a counter-claim, to which a reply was served, and the cause was noticed for trial by both parties for the January term, 1887. The case was first reached on the day calendar for trial on October 7, 1887, and was set down for October 12, and on that day was marked "Reserved generally." Nothing further was done by either party until July 16, 1890. On that day defendant moved to dismiss the complaint for failure to prosecute, on an affidavit setting forth the above facts, and stating that the cause was reserved for the convenience of plaintiff's attorney. Plaintiff filed an opposing affidavit, stating that the cause was reserved for the convenience of both parties, and containing an offer to consent to an order restoring the case to the day calendar, and setting it down for trial for the first day of the next term, and thereon the motion was denied. From the order denying the motion, defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Charles F. MacLean*, for appellant. *Isaac N. Miller*, for respondent.

PER CURIAM. This appeal is clearly frivolous, and the order appealed from should be affirmed, with $10 costs and disbursements.

---

### RIVERSIDE BANK v. TOTTEN et al.

*(Supreme Court, General Term, First Department. October 24, 1890.)*

SUBROGATION—RIGHTS OF ACCOMMODATION INDORSER.

A note presented to plaintiff bank for discount by the payee and indorser was declined without a second indorsement. The maker thereupon procured the indorse-