⸲(26 Misc. Rep. 670.)

### JACOT et al. v. MARKS.

(Supreme Court, Special Term, New York County. March, 1899.)

1. DISMISSAL AND NONSUIT—FAILURE TO PROSECUTE—TRIAL OF YOUNGER ISSUES—PRESUMPTIONS.

Under Gen. Rule Prac. No. 36, providing that a motion to dismiss for failure to prosecute may be made after younger issues shall have been tried in regular. order, where movant alleges that plaintiff has wholly failed to prosecute the action, and has taken no steps to bring the issues to trial, the court may infer that the younger issues have been tried.

2. SAME—FAILURE TO PROSECUTE COUNTERCLAIM.

A motion by defendant to dismiss for failure to prosecute will be denied, where he has been equally negligent in the prosecuting of his counterclaim.

3. SAME—JUDGMENT ON COUNTERCLAIM.

On motion to dismiss for failure to prosecute, defendant cannot have judgment on a counterclaim.

Action by Charles H. Jacot and others against Henry Marks. Motion to dismiss complaint for neglect to prosecute. Denied.

A. Blumensteil, for the motion.

Geo. H. Hart, opposed.

GILDERSLEEVE, J. This is a motion to dismiss the complaint, ⸲with costs, for unreasonable delay on the part of the plaintiffs in ⸲prosecuting the action. The motion is made under section 822 of the Code, and also, since the action .is triable by a jury, under rule ⸲36 of the general rules of practice, which refers only to cases triable by ⸲a jury. See Calkin v. Beattie, 4 N. Y. Law Bul. 42. The above section of the Code provides that, where the plaintiff unreasonably neglects to proceed in the action, the court may, in its discretion, dismiss the complaint, upon the application of the defendant, and. render judgment accordingly. Rule 36 provides that the motion may be made at any time after younger issues shall have been tried in their regular order. Objection is made that the affidavits in support of the motion do not state that younger issues have been tried in their regular order. Such a statement should, as a general rule, in cases triable by a jury, appear in the moving papers; but in the case at bar the affidavits allege that plaintiffs have wholly failed and neglected to proceed with the prosecution of the action, and have taken absolutely no steps to bring the issues herein to trial for nearly 18 months. From this statement the court may reasonably infer that younger issues have been tried in their regular order. There appears to be no doubt of the plaintiffs' ⸲unreasonable neglect to prosecute the action. The answer, however, sets up a counterclaim, and demands affirmative relief, but it does not appear that defendant has taken any steps to bring the case to trial. He is apparently as guilty of laches as are the plaintiffs. In the case of Arnal v. Rahlff, 4 N. Y. Law Bul. 3, Mr. Justice Barrett, sitting at special term, held that, in a case where a counterclaim has

been interposed, the defendant is also an actor in the case, and should bring the case to trial himself, or make some reasonable effort to do so. Also, in the case of Clare v. Crittenden (Sup.) 11 N. Y. Supp. 519, the general term of this department dismissed, as frivolous, an appeal from an order denying a motion of this kind in a case where a counterclaim was pleaded, and both parties had neglected to bring the case to trial for nearly three years.    In the case at bar the plaintiffs offer to restore the case to the calendar, and proceed to trial with all diligence, or, at defendant's option, to discontinue, without costs.    So far as the defendant's counterclaim is concerned, he cannot obtain judgment upon it on a motion of this kind.    In the case of Roy v. Thompson, 8 How. Prac. 253, it was held that "only a judgment of dismissal can be founded upon such a motion," and that "when a defendant claims affirmative relief, legal or equitable, the duty of an actor in bringing the cause to trial devolves upon him," and that "he can only obtain the relief when the cause is brought to a trial upon his own notice, or that of the plaintiff."    I am of opinion that the motion must be denied, but, under the circumstances, without costs.

Motion denied, without costs.