## JACOT et al. v. MARKS.

(Supreme Court, Appellate Division, First Department. January 5, 1900.)

1. DISMISSAL—COMPLAINT—AMENDMENT.
Where plaintiffs failed to serve an amended complaint for over a year, and used the pendency of the action to defeat affirmative relief for defendant in another case, an order denying defendant's motion to dismiss was erroneous, though defendant had filed a counterclaim.

2. APPEAL—DISCRETION OF COURT.
Discretion of court on motion to dismiss is reviewable on appeal.

Appeal from special term, New York county.

Action by Charles H. Jacot and another against William L. Marks. From an order of the supreme court, special term, denying a motion to dismiss the complaint (57 N. Y. Supp. 904), defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Edward Browne, for appellant.

G. H. Englehard, for respondents.

RUMSEY, J. The plaintiffs' delay in serving their amended complaint, and getting their case into a situation where it could be tried, was entirely inexcusable, and, if there ever was a case in which the complaint should be dismissed for such a delay, this was one. Not only did it appear without contradiction that they delayed to serve the amended complaint for over a year, so that it was not in the power of the defendant to proceed in the action, but they used the pendency of this action to defeat the defendant's efforts to obtain an affirmative judgment on his counterclaim in another court. The fact that the defendant had interposed a counterclaim affords no reason for denying this motion. Roy v. Thompson, 1 Duer, 636.

It is quite true that upon the motion the defendant could only obtain a dismissal of the complaint, and could not recover any affirmative relief, but he was not barred from having that relief because he sought affirmative relief in the action.

It is also true that the disposition of such a motion is in the discretion of the court; but that discretion is reviewable upon appeal to this court, and, when it is evident that it has been abused, the complainant is entitled to his remedy.

The order denying the motion is therefore reversed, with $10 costs and disbursements, and the motion to dismiss the complaint is granted, with $10 costs. All concur.