### FLEISCHMAN v. MENGIS.

(Supreme Court, Appellate Term.　December 15, 1908.)

1. DISMISSAL AND NONSUIT (§ 60*)—DELAY IN PROSECUTION.

It was error to refuse to dismiss for 12 years' delay in prosecuting the action, where plaintiff's only excuse was defendant's insolvency and promise to pay the claim sued on when his pecuniary condition improved, and where defendant did not request the delay, at most not objecting thereto.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140, 142; Dec. Dig. § 60.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. DISMISSAL AND NONSUIT (§ 50*)—DELAY IN PROSECUTION—EFFECT OF COUN-
TERCLAIMS.

That defendant had interposed counterclaims does not affect his right
to move for a dismissal for plaintiff's unreasonable neglect to proceed.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §
102; Dec. Dig. § 50.*]

Appeal from City Court of New York, Special Term.

Action by Samuel Fleischman against Morris C. Mengis. From
an order refusing to dismiss for want of prosecution, defendant ap-
peals. Reversed, and motion granted, and order denying motion for
stay reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and
GUY, JJ.

James E. Chandler, for appellant.
Martin Paskus, for respondent.

BISCHOFF, J. The explanation given by the plaintiff in attempted
excuse for his delay of over 12 years in the prosecution of the action
is that the defendant was insolvent, and had promised to pay the claim
in suit when his financial condition improved. Nothing in the affidavit
submitted in opposition to the motion for a dismissal of the action for
unreasonable neglect to proceed supports a determination that the de-
lay was at the defendant's request. At best, there is a suggestion that
he did not object to the plaintiff's policy of waiting for better times,
but, so far as the plaintiff was charged with the duty to prosecute the
action, there is no excuse for his failure to do so. Within the author-
ities, therefore, the action should have been dismissed. St. Paul's
Church v. Mt. Vernon Co., 119 App. Div. 45, 103 N. Y. Supp. 858;
Fisher Malting Co. v. Brown, 92 App. Div. 251, 87 N. Y. Supp. 37.
The fact that the defendant had interposed counterclaims in no way
affects his right to move for a dismissal for the plaintiff's unreasonable
neglect to proceed. Jacot v. Marks, 46 App. Div. 531, 61 N. Y. Supp.
1040.

Order denying motion to dismiss reversed, with $10 costs and dis-
bursements, and motion granted, with $10 costs. Order denying mo-
tion for stay reversed, with disbursements to the appellant. All con-
cur.