### OEHLHOF v. SOLOMON et al.

(Supreme Court, Appellate Term. January 21, 1910.)

DISMISSAL AND NONSUIT (§ 60*)—WANT OF PROSECUTION.

Where plaintiff, without showing any excuse, failed to prosecute a suit for false representations of defendant for seven years, during which time defendant died, a dismissal of the action was warranted, although it had been placed on the general calendar and marked "Reserved generally."

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

Appeal from City Court of New York, Special Term.

Action by Erhardt Oehlhof against Herman Solomon and another. From orders in favor of defendants, plaintiff appeals. Affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Bennet & Silverman (William S. Bennet, of counsel), for appellant. Louis Lowenstein, for respondents.

GIEGERICH, J. The action was commenced in October, 1898, and was tried on May 22, 1900, resulting in a verdict for the plaintiff, which judgment, after appeal to the Appellate Term, and ultimately to the Appellate Division upon leave given, was reversed in June, 1902. 73 App. Div. 329, 76 N. Y. Supp. 716. Thereafter, upon motion of the plaintiff, the case was placed on the general calendar on the 28th day of November, 1902, and subsequently, but how long afterward, or upon whose motion, or at whose request, or to subserve whose convenience, does not appear, it was marked "Reserved generally." On the 19th day of January, 1906, the defendant Herman Solomon died. On the 19th day of April, 1909, the plaintiff made this motion to restore the cause to the next Friday calendar, which motion was adjourned by consent until May 6, 1909, at which time the defendants, by an order to show cause, brought on a motion to dismiss the action for unreasonable neglect to proceed with the same. Both motions came on to be heard together, and the motion to restore was denied, and the motion to dismiss was granted, and from such orders the present appeal has been taken.

It further appears from the papers without contradiction that upon the former trial of the action it was claimed that the false representations upon which the plaintiff sought to recover were all made by the defendant Herman Solomon, who is now dead. It is further stated without contradiction that it appeared upon the former trial and from

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the facts herein that all the transactions were had between the plaintiff and the deceased defendant, Herman Solomon. The appellant relies upon the case of Clare v. Crittenden, 58 Hun, 604, 11 N. Y. Supp. 519, as establishing the rule that, where a case is reserved generally, it cannot be dismissed for failure to prosecute. An examination of the report of that case, which was decided by ·the General Term in this department in 1890, shows that no such rule is laid down. There it appeared that a counterclaim had been set up, to which a reply had been served, and it further appeared that the opposing affidavit stated that the cause was reserved for the convenience of both parties. Furthermore, it did not appear in that case that any hardship would be imposed upon the defendants by allowing the case to be brought on for trial. The facts in that case and in the present case are so manifestly different that no comment is necessary.

No excuse whatever is shown why the plaintiff should have delayed all these years, and until the death of the defendant with whom the transactions in suit were claimed to have been had, and upon whose testimony the defense would have to rest.

The orders are therefore affirmed, with $10 costs and disbursements. All concur.