WELCH, Appellant, v. McCOY et al., Respondents.

(167 N. W. 159.)

(File No. 4219.  Opinion filed March 26, 1918.)

1.  Actions—Trial—Quieting Title—Dismissal for Delay—Motion for Judgment on Evidence, Undetermined—Delayed Counter Motion for Dismissal—Mutual Negligence—Statute.

Where, in an action to quiet title, defendant demanding affirmative relief, plaintiff moved for judgment at close of the evidence, court having reserved decision until final hearing, no findings having been proposed by either party, and no argument had until nearly fourteen years thereafter; one of defendants having died meanwhile, his administratrix having been appointed, said decedent's death having been suggested and that administratrix had been discharged, no substitution for said defendant having been made, and various offers of plaintiff for settlement having been rejected; plaintiff having thereafter noticed the case for trial, and it having thereafter been assigned for trial, subject to defendant's motion to dismiss the suit, held, that the cause was never finally submitted to the court for decision; and that trial court erroneously decided that plaintiff had been guilty of unreasonable neglect,

18—Vol. 40, S. D.

warranting dismissal of the action; construing Code Civ.
Proc., Sec. 310, Subd. 4, providing that the court may dismiss
complaint for unreasonable neglect of plaintiff to proceed in
the cause; that defendant's negligence had been equal to that
of plaintiff; that a party, having demanded affirmative relief,
and who voluntarily fails to avail himself of his statutory
right to obtain final determination of the action, should not
be permitted to obtain an advantage over his opponent merely
because of the latter's similar negligence.

2.   **Trials—Bringing Case on for Trial—Statutory Procedure—Dis-
     missal for Unreasonable Neglect.**
     Code Civ. Proc. does not in terms require that a cause be
     brought to trial within specified time.  **Held,** however, that
     under the statute (Code Civ. Proc., Sec. 310, Subd. 4) un-
     reasonable neglect on plaintiff's part to proceed in a pending
     cause is ground for dismissal of complaint.

     McCoy, J., taking no part in the decision.

Appeal from Circuit Court, Brown County.  Hon. THOMAS
L. BOUCK, Judge.

Action by James H. Welch, against E. F. McCoy and Anna
E. McCoy, to quiet title to realty.  From an order dismissing
the action, plaintiff appeals.  Reversed.

*S. H. Cranmer,* and *Amos Goodman,* for Appellant.

*L. W. Crofoot,* and *Crofoot & Ryan,* for Respondent.

(1)  To point one of the opinion, Appellant cited:  Jacot v.
Marks, 57 N. Y. S. 904; Severin v. Hopper, 76 N. Y. S. 976;
Warren v. Shaw, 43 Me. 429; Lee v. Brush, 3 Code Rep. 165;
Lawyers Co. Op. Pub. Co. v. Gordon, 73 S. W. 155.

Respondent cited:  14 Cyc. 447; James v. Shea, 28 Hun.
(N. Y.) 74; People v. Jefferds, (Calif.) 58 Pac. 704; Note to
Bee Building Co. v. Dalton, 4 A. & E. Ann. Case, p. 510, as to
what constitutes "Final Submission."

(2)  To point two of the opinion, Appellant cited:  Ency.
Pl. and Pr., 6, page 913; Roberts v. Delaney, 2 Wis. 382;
Moeller v. Bailey, 14 How. Pr. (N. Y. Supreme Ct.) 359; Meloy
v. Keenan, 17 App. D. C. 235.

SMITH, J.  Appeal from an order dismissing an action
on the ground of unreasonable delay in the prosecution thereof.
The action which was begun in April, 1903, was brought to de-
termine adverse claims to real estate.  The complaint was in the
usual form.  Defendants answered separately, denying the allega-

tions of the complaint, and by way of counterclaim alleging title in themselves and a demand for affirmative relief. The record discloses that the cause was reached for trial on June 22, 1903, before the court without a jury, and that the taking of testimony was completed on that day. At the close of the evidence plaintiff moved the court for judgment. The court reserved its decision until the final hearing of the case. No findings of fact or conclusions of law appear to have been proposed by either party, nor was there any argument or other proceedings had in the cause until the 17th day of February, 1917, when plaintiff's attorney served a notice of trial for a term of court beginning February 27th.

The defendant E. F. McCoy died December 31, 1913. The other defendant, Anna E. McCoy, was appointed administratrix of his estate, which was fully administered upon and closed on November 5, 1914. Upon the calling of the calendar at the opening of the February, 1917, term, the death of the defendant McCoy was suggested; that his estate had been fully administered upon and the administratrix discharged, and that neither the administratrix nor any other person had been substituted as defendant in the action. No substitution appears to have been asked by either party. The record discloses various negotiations and offers of settlement on the part of plaintiff which are set out in detail, all of which offers were rejected by defendants or withdrawn by plaintiff. Plaintiff's final offer was made in the fall of 1916, accompanied by a stipulation, which defendant's counsel were requested to sign, that the cause be finally submitted for decision upon a transcript of the evidence taken in 1903, in case the offer of settlement was rejected. Both the offer of settlement and the stipulation were rejected by defendant's counsel. No further action was taken by either party until service of notice of trial by appellant's counsel in February, 1917. On the last day of the February, 1917, term, appellant's counsel asked that a day be assigned for the trial of the cause, naming April 20th, when court would be in session, in reply to which respondent's counsel indicated that the day was satisfactory, but his consent thereto must be subject to his right to move for a dismissal of the action. The motion was heard in pursuance of the stipulation, on April 20, 1917, upon affidavits filed by both parties,

and on April 21st the trial court made and filed its decision that plaintiff had been guilty of unreasonable neglect in the prosecution of the action, and that the action be dismissed.

[1, 3]   Subdivision 4, § 310, Code of Civil Procedure, provides that the court may dismiss the complaint in case of unreasonable neglect on the part of the plaintiff to proceed in the cause.   It is appellant's contention that the trial court erred in dismissing the action for the reasons, among others, that the defendant had been equally negligent as the plaintiff; that there is no statute in this state or any rule of court requiring a cause to be brought on for trial within any given time; and that the cause was fully tried and submitted, was in the hands of the court, and delay in its determination was not the fault of appellant.   We are of the view that the cause was never finally submitted to the court for decision, and that this ground of error is untenable. The Code of Civil Procedure does not in terms require that a cause be brought to trial within a specified time.   It is perfectly clear, however, that under the statute unreasonable neglect on the part of plaintiff to proceed in a pending cause is a ground for dismissal of the complaint.

Section 882, New York Code Procedure, is substantially like subdivision 4, § 310, of our Code of Civil Procedure.   In Jacot v. Marks, 26 Misc. Rep. 670, 57 N. Y. Supp. 904, where the answer set up a counterclaim upon a motion to dismiss the complaint for unreasonable delay on the part of plaintiff, that court said:

"There appears to be no doubt of the plaintiffs' unreasonable neglect to prosecute the action.   The answer, however, sets up a counterclaim, and demands affirmative relief, but it does not appear that defendant has taken any steps to bring the case to trial. He is apparently as guilty of laches as are the plaintiffs."

.   Upon that ground the motion to dismiss was denied.   See, also, Severin v. Hopper, 37 Misc. Rep. 863, 76 N. Y. Supp. 977; Bignold v. Carr, 24 Wash. 413, 64 Pac. 519.

[4]   There can be no doubt that there was a sufficient lapse of time to constitute unreasonable delay in the prosecution of this action.   It is unnecessary to consider whether the circumstances were such as to excuse the delay.   The defendant, by reason of her counterclaim, became an actor, and could have taken the

proper and necessary steps to obtain a decision in the action. She made no effort whatever to do so, and therefore was equally negligent with the plaintiff. A party who, having demanded affirmative relief by answer, voluntarily fails to avail himself of his statutory right to obtain a final determination of the action should not be permitted to obtain an advantage over his opponent merely because of the latter's similar negligence. Much as we disapprove of such delays, which sometimes bring unmerited criticism upon the administration of justice in the courts, we think the trial court erred in dismissing the action.

The order of the trial court is reversed.

McCOY, J., took no part in this decision.