RAY A. CONRAD AND OTHERS v. CERTIFIED ICE & FUEL COMPANY AND ANOTHER.[1]

December 10, 1937.

No. 31,404.

*Frederick W. Foot,* for appellants.
*Walter T. Ryan,* for respondent.

STONE, JUSTICE.

Plaintiffs appeal from a judgment dismissing without trial their action to foreclose a mechanic's lien. The action was commenced

[1]Reported in 276 N. W. 286.

in December and issue joined as early as December 20, 1929. December 6 a notice of *lis pendens* had been filed by plaintiffs against the involved property. Nothing more was done until March, 1937. Then, proceeding by order to show cause, defendant procured the order of dismissal pursuant to which judgment was entered. Our statute (2 Mason Minn. St. 1927, § 9321) reads thus:

"That any district court may dismiss, upon its own or upon the motion of either party, after such notice as the court shall in each case prescribe, any and all actions or proceedings pending therein in which issue shall have been joined and which shall not be brought to trial within five (5) years from and after the commencement of each action or proceeding."

In the main, that statute is but declaratory of an inherent power of the court. The fixing of the five-year period is at least a declaration of legislative policy. Significant also is the fact that as far as the statute goes, delay for five years, without more, makes a case for dismissal.

By counter affidavits below, plaintiffs asserted that because of financial embarrassment to which they were subjected beginning in 1929 they were unable to pay the attorney's fee necessary to secure prompt prosecution of the action. They suggest no other excuse for their delay. Their showing is not convincing because their affidavit shows that their collection of bills receivable, including their claim against defendant, was one of their major needs. Anyway, they did not prove a continuing financial inability to finance prosecution of the case.

Under the rule of Wheeler v. Whitney, 156 Minn. 362, 194 N. W. 777, and cases there cited, it appears not only that there was no abuse of discretion in the order under review, but also that the facts are such as to have made the order almost, if not quite, inescapable. It is a clear case of aggravated laches. There is no ground upon which plaintiffs' conduct can have judicial approval or even the condonation implied by a refusal to dismiss.

The case is not altered in plaintiffs' favor by the fact that a counterclaim was interposed. True, it was the privilege of defend-

ant to bring the case on for trial at any time. It was equally plaintiffs' option to stand by. The laches of defendant does not excuse the similar and concurrent conduct of plaintiffs. If instead of asking dismissal defendant were now to notice the case for trial on the counterclaim, the argument against it for dismissal, if made by plaintiffs, would be just as compelling as that for defendant is now. It was the privilege of defendant to waive its counterclaim, as it has done for purposes of the dismissal.

Plaintiffs' attempt to distinguish Wheeler v. Whitney, 156 Minn. 362, 194 N. W. 777, because there the death of a witness was stressed as a significant fact, must fail. Death of a witness is but one of the events producing prejudice from delay. The memory of living witnesses, fallible at best, is a thing to be considered. It is an element always present, save in the exceptional case where undisputed and unequivocal documents may be decisive. The loss of records, or the difficulty, if not impossibility, after long delay in applying them to their subject matter, is another factor.

Such circumstances go far to explain our statutes of limitations. Dismissals, such as this, are an effective way of preventing an avoidance of the purpose of such statutes, merely by commencing an action and then letting it slumber indefinitely without awakening for trial. There are enough of necessary law's delays without extending a judicial invitation to an additional host of them, which a reversal of this order would be.

Plaintiffs' argument, in the main, is based on cases (for example, Hough v. Watson, 91 W. Va. 161, 112 S. E. 303; London v. Hessberg, 147 Misc. 719, 265 N. Y. S. 829) holding that in order to justify a dismissal for long delay in prosecution there must be a showing of actual prejudice to the defendant. Those cases have no application, for the simple, and very good, reason that under our law, particularly the statute (§ 9321), the delay alone, without more, is enough to warrant dismissal.

Affirmed.