CITY OF JEFFERSON, Missouri, a Municipal Corporation, Plaintiff, Appellant,

v.

CAPITAL CITY OIL COMPANY, a corporation, on the Exceptions to the Award in Favor of Richard A. Schell and Phyllis F. Schell, d/b/a Atlas Materials Company, Defendants, Respondents.

No. 22314.

Kansas City Court of Appeals.

Missouri.

Jan. 9, 1956.

Thomas P. Rose, Robert L. Hyder and Bruce A. Ring, Jefferson City, for appellant.

Lewis Hord Cook, and Charles H. Howard, Jefferson City, for respondents.

CAVE, Judge.

This is an appeal from an order of the circuit court dismissing plaintiff's *cause* for failure to prosecute.

A general statement of the occurrences will first be made, and a consideration of the evidence in connection therewith discussed later.

On April 22, 1949, the plaintiff, hereafter referred to as the "city", filed its petition in condemnation in which it sought to acquire right-of-way or other property interests across various tracts of land, within the city, among which was certain land owned by Richard A. and Phyllis F. Schell, doing business as Atlas Materials Company, hereafter referred to as the "Schells". The purpose of the condemnation suit was to acquire right-of-way for the improvement of a city street, which was also a part of a state highway. It was a joint project between the city and the State Highway Commission. Notice of filing of the suit was given, and on May 3, 1949, the court entered its decree condemning the right-of-way over the property of the Schells and several other parties, and appointed commissioners to assess damages. On May 19, 1949, the commissioners filed their report assessing damages to the various tracts of land. On May 27, 1949, the Schells, and other parties, and the city, filed written exceptions to the report of the commissioners and asked for a jury trial upon the issue of damages. The amount of the awards was deposited in court, and the project has long since been completed.

Five years and four months later, the Schells filed a motion to dismiss the city's exceptions as to them, for want of prosecution. The court heard evidence and entered an order dismissing the *exceptions* of the city to the extent they related to the Schells. Thereafter the city and the State Highway Commission filed a joint motion to set aside the order of dismissal. (The highway commission was not a party to the suit, but its interest will appear later.) Evidence was heard on this motion, and on January 8, 1955, the court set aside its order of dismissal and returned the cause to the docket. Thereafter the Schells filed a motion for rehearing, and on February 3, 1955, evidence was heard on this motion, and on the same day, the court entered an order dismissing the *"cause"* as to the Schells "for want of prosecution". The city perfected its appeal.

The record does not affirmatively show that the amount in dispute exceeds $7,500, and this court has jurisdiction.

The evidence is to the effect that prior to the filing of the condemnation suit, the city entered into a contract with the State Highway Commission relative to the construction and improvement of a certain street and viaduct within the city which was to be used as a street and as a part of the state highway system. Under this contract, the city was to provide $225,000 which was to be used in securing the right-of-way, and any surplus was to be used in part payment of the cost of construction. The condemnation suit was to be brought by the city, and the city was to cooperate with the highway commission in all matters connected there-

with. There were other obligations of the city relative to the maintenance of the street, etc., which are not pertinent here.

The state highway commission was not a party to the suit, however its legal staff assisted the city attorney in the preparation of the petition, but no member of the commission's legal staff was an attorney of record. During the time from the filing of the condemnation petition until the final action of the court on the motion to dismiss, three different attorneys had served as city attorney of Jefferson City. Each of them testified that they had never requested a setting for trial of the city's exceptions and that they had always depended on the legal staff of the highway commission to get the case set for trial and to try it. They took this position because, in their opinion, the city was no longer financially interested in the result of the trial for damages, since, under the contract with the highway commission, the city would not be obligated to pay any part of the damage in excess of the award of the commissioners and would not be entitled to a refund if the damage assessed was less than the award of the commissioners. We need not discuss the correctness of that opinion in disposing of the question presented on this appeal.

Apparently there had been no communication between the city attorney and the legal staff of the highway commission from May, 1949, when the exceptions were filed, until in March, 1952. At that time, Mr. Hyder, who had recently been appointed attorney of the highway commission, contacted the city attorney and was advised that the city expected the highway commission to carry the burden concerning the disposition of all the exceptions which had been filed in the condemnation suit. Whereupon, Mr. Hyder began negotiations with the various attorneys representing the parties who had filed exceptions, and particularly the exceptions which had been filed by the Capital City Oil Company, the Schells, and a Mr. Harsh. Mr. Hyder's recollection was that he contacted attorney Pete Lauf concerning the Capital City Oil Company and the Schell exceptions; that later Mr. Lauf suffered a stroke and was confined to his home and

that Mr. Hyder contacted Mr. Bond, who was Mr. Lauf's law partner, about setting the cases for trial, but "out of courtesy to Mr. Lauf, the matters were continued"; that in May, 1954, it was realized that Mr. Lauf would not recover from his illness and Mr. Hyder instructed Mr. Ring, an attorney for the highway commission, to get the Schell case set for trial.

It is in evidence that attorney Lewis Hord Cook had represented the Schells throughout this proceeding, and he testified that he had never employed Mr. Lauf to assist him in such representation. Mr. Bond and Mr. Schell also testified that Mr. Lauf had never been employed to assist in the prosecution of the Schell case. Mr. Bond stated that his firm did represent the Capital City Oil Company. It is possible that Mr. Hyder confused Mr. Lauf's representation of the Capital City Oil Company with the Schell case.

Mr. Ring testified that in May, 1954, he appeared in the circuit judge's chambers and requested that the Schell case be set for trial; that Mr. Cook was present and requested the case not be set at that time because Mr. Lauf was ill and that he himself had recently been in the hospital. Mr. Cook denied that he requested or consented that the case be continued. In September, 1954, Mr. Ring appeared in court and had the case set for trial on October 27th, and thereafter the motion to dismiss was filed and the various hearings held.

The city contends that "the court abused its discretion in dismissing plaintiff's *cause* for want of prosecution" for the following reasons: (a) that "a party moving for dismissal for failure to prosecute must show that he has been injured by the delay or that the opposing party has obtained some advantage," and that there is no such evidence in this record; (b) "a motion for dismissal for failure to prosecute is without merit if the moving party is also an actor in the case and has acquiesced in the delay"; and (c) that the trial court was without authority to dismiss the city's *"cause"*, since the most that could be done was to dismiss the city's *exceptions*.

■ The general rule is that courts have the inherent power, in the exercise of a sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and that the action thereon will not be disturbed on appeal unless such discretion was abused. Levee District No. 4 of Dunklin County v. Small, Mo.App., 281 S.W.2d 614; Guhman v. Grothe, 346 Mo. 427, 142 S.W.2d 1; Shotkin v. Westinghouse Electric & Mfg. Co., 10 Cir., 169 F.2d 825. There is also statutory authority in this state for such a dismissal. See Section 510.140 RSMo 1949, V.A.M.S.

The city's contention (a) would place upon the movant to dismiss for failure to prosecute with due diligence, the additional burden of proving that he had been injured by the unreasonable delay or that the opposing party had obtained some advantage. In support of this contention, it cites Meloy v. Keenan, 17 App.D.C. 235; United States v. Fischer, 2 Cir., 93 F.2d 488; and Russell v. Texas Transport & Terminal Co., 2 Cir., 32 F.2d 689. Under the particular facts in those cases, there is language which lends some support to the city's contention, but those cases were decided prior to the adoption of Federal Rule 41(b), 28 U.S.C.A., which is identical with our statute, Section 510.140, the material part of which reads: "For failure of the plaintiff to prosecute * * *, a defendant may move for dismissal of an action or of any claim against him." Since the adoption of Rule 41(b), it has been held by the federal courts that a movant is not required to show that he has been injured or that the opposite party has obtained some advantage by the unreasonable delay. This question was discussed in Hicks v. Bekins Moving & Storage Co., 9 Cir., 115 F.2d 406, at page 409, and the court said: "It was not necessary for the defendants [movants] to show specific impairment of their defense, because the law will presume injury from unreasonable delay." See also Shotkin v. Westinghouse Electric & Mfg. Co., supra.

We are cited to no Missouri decision, and we find none, that places such a burden on the movant. For a collection of Missouri cases which have discussed the question of dismissal for failure to prosecute, see Guhman v. Grothe, supra; Levee Dist. No. 4 of Dunklin County v. Small, supra; and Snyder v. Christie, Mo.App., 272 S.W.2d 27. None of these cases, or those reviewed, use any language to support the city's contention.

The city also argues that in some jurisdictions, in the absence of a statute, the theory of dismissal for want of prosecution has been based upon the principle of laches in equity, and from this basis argues that a party asserting laches must not only show delay, but that he has also been injured by such delay. Citing Oetting v. Green, 350 Mo. 457, 166 S.W.2d 548, and Matthews v. Van Cleve, 282 Mo. 19, 221 S.W. 34. Those cases were not discussing the authority of a court to dismiss for failure to prosecute. They involve an affirmative defense of laches and are not applicable to the question under consideration.

■ It is our conclusion that when the Schells showed that the city's exceptions had been pending for five years and four months, an unreasonable delay unless a valid excuse was shown, they were not required to also show that they had been injured thereby, or that the city had obtained some advantage.

The city next contends that the motion for dismissal for failure to prosecute is without merit if the moving party is also an actor in the case and has acquiesced in the delay. The record does not disclose any entry or order of continuance made in the trial court during the entire time the exceptions were pending. There is no affirmative proof that the Schells consented to any continuance except in May, 1954, Mr. Ring stated that he understood Mr. Cook, attorney for the Schells, had agreed that the cause might be continued to the September Term. Mr. Cook denied this. It also appears that this conversation took place in the presence of the trial judge who later sustained the motion, and there was no docket entry made, or at least none is shown in the record, that the cause was continued by consent or otherwise. We defer to the court's finding on this issue of fact.

However, the city's principal contention under this point is that the Schells, having filed exceptions to the report of the commissioners, are in the same position as a defendant who files a counterclaim and thereby becomes an actor in the suit, and is not entitled to a dismissal for want of prosecution. This is on the theory that when a defendant asks affirmative relief he should make some reasonable effort to bring the case to trial himself, and cannot take advantage of the fact that the plaintiff has been guilty of neglect or of unreasonable delay. In support of this contention the city cites Jacot v. Marks, 26 Misc. 670, 57 N.Y.S. 904, and Welch v. McCoy, 40 S.D. 273, 167 N.W. 159. The first opinion in the Jacot case was later overruled by the appellate court in Jacot v. Marks, 46 App. Div. 531, 61 N.Y.S. 1040, wherein the court held that the fact that the defendant interposed a counterclaim afforded no reason for denying his motion to dismiss. In Fleischman v. Mengis, Sup., 113 N.Y.S. 515, it was again held that the fact that a defendant had interposed counterclaims in no way affected his right to move for a dismissal because of the plaintiff's unreasonable neglect to proceed. To the same effect is the holding in Cooper v. Martin, 222 App.Div. 765, 226 N.Y.Sup. 180.

In Welch v. McCoy, supra [40 S.D. 273, 167 N.W. 160], the court does hold that a defendant "by reason of her counterclaim, became an actor, and could have taken the proper and necessary steps to obtain a decision in the action. She made no effort whatsoever to do so, and therefore was equally negligent with the plaintiff * * *", and that the court erred in dismissing plaintiff's petition. That decision was based upon the first opinion in Jacot v. Marks, without regard being had to the reversal of that case as noted above.

In Conrad v. Certified Ice & Fuel Co., 201 Minn. 366, 276 N.W. 286, the court held that the fact that a counterclaim had been filed in no way affected the defendants' right to move for dismissal of plaintiffs' claim for failure to prosecute with due diligence. That court also held that it was not neces-sary for a defendant to show actual prejudice in order to have plaintiff's case dismissed for failure to prosecute. For other cases discussing this question, see Pacific Finance Corp. v. Superior Court, 219 Cal. 179, 25 P.2d 983, 90 A.L.R. 387 et seq., and 27 C.J.S., Dismissal and Nonsuit, Section 65(d), p. 242.

■ It is our conclusion that the weight of authority is that the mere fact that the Schells had also filed exceptions to the report of the commissioners would not affect their right to file a motion for dismissal of the city's exceptions.

■■ The city's last contention is that the court was without authority to dismiss the "cause". The order of dismissal does use the word "cause", followed by "as to Richard Schell and Phyllis Schell for want of prosecution". It argues that to permit the order of dismissal to stand as written would, or at least might, result in the dismissal of the city's entire *cause of action* in the condemnation proceeding, and thereby divest the city of the title and rights it acquired by the judgment of condemnation and the payment into court of the damages awarded by the commissioners. It is the law that after the judgment of condemnation and the payment into court of the award made by the commissioners, title to the property condemned is divested, and if exceptions are filed to the award, the only issue is one of damages. See Section 523.-040 RSMo 1949, V.A.M.S.; State ex rel. Union Electric Light & Power Co. v. Bruce, 334 Mo. 312, 66 S.W.2d 847. The Schells agree this is the law, and disclaim any intention on their part to have the entire *"cause"* dismissed. The motion for dismissal merely requested "the court to dismiss the *exceptions* filed by the City of Jefferson, * * *". All the evidence refers to the *exceptions* filed. Under the record in this case, all the court could have ordered dismissed was the *exceptions,* and we are confident that was the intention of the court. However, to avoid the possibility of confusion and uncertainty, we will modify the judgment of dismissal by substituting the

word *"exceptions"* for the word *"cause"* in the judgment.

It follows that the judgment of dismissal, as modified, should be affirmed. It is so ordered.

All concur.