Michael V. FOX, Carroll B. Hansen, George Blanchette, John Blanchette and Marilyn Krulish, Plaintiffs and Appellants,

v.

PERPETUAL NATIONAL LIFE INSURANCE COMPANY, Defendant and Respondent.

Nos. 12444, 12445, 12446, 12447 and 12448.

Supreme Court of South Dakota.

Argued Nov. 15, 1978.

Decided Dec. 29, 1978.

Rehearing Denied Feb. 2, 1979.

Alan L. Austin of Austin, Hinderaker & Hackett, Watertown, with J. Douglas Austin, Watertown, on brief, for plaintiffs and appellants.

Haven L. Stuck of Lynn, Jackson, Shultz, Ireland & Lebrun, P.C., Rapid City, with Dennis Holmes, Rapid City, on brief, for defendant and respondent.

WOLLMAN, Chief Justice.

We are presented here with five separate suits filed against the same defendant in 1970. The actions were commenced by service of summons and complaints upon respondent on September 21, 1970. Answers and counterclaims were filed with the court on October 21, 1970, and renewed on January 11, 1974 (both filing dates appear on the answers and counterclaims, although the October 21, 1970, has been crossed out). Amended complaints and replies to the counterclaims were filed June 21, 1973, and answers to the amended complaints and a renewal of counterclaims were filed January 11, 1974. Pre-trial briefs for both sides were filed January 17, 1974, and on January 18, 1974, respondent moved to amend its answers. The next items appearing in the files are motions by defendant filed on October 20, 1977, to dismiss the actions pursuant to SDCL 15–6–41(b) for failure of appellants to prosecute. On December 6, 1977, appellants served interrogatories on respondent. On December 27, 1977, the trial court granted respondent's motion to dismiss for failure to prosecute, and this appeal was taken. All of the suits were combined below and will be treated here as one appeal. We affirm the action taken by the trial court.

The operative facts of the suits provide no excuse for the unreasonable delay in the prosecution of this matter, hence the facts will not be recited here except to say that appellants, former agents of respondent, brought suit to recover renewal commissions allegedly due under their employment contracts. The insurance company counterclaimed to recover funds allegedly

due under a stock transfer scheme in which all parties were involved.

Appellants base their case primarily on *Welch v. McCoy,* 40 S.D. 273, 167 N.W. 159. That case dealt with adverse claims to certain real estate. The action was begun and defendant filed a counterclaim in 1903. A one-day trial was held on June 22, 1903, and the trial court reserved its decision. Nothing further occurred in the case until February 17, 1917, when plaintiff served notice of trial in the next term of court. Defendant moved for dismissal of the action and the trial court determined that plaintiff had been guilty of unreasonable neglect in the prosecution of the action and that the action should be dismissed. This court stated that unreasonable neglect on the part of the plaintiff to proceed in a pending cause is grounds for dismissal of the complaint; however, citing *Jacot v. Marks,* 26 Misc. 670, 57 N.Y.S. 904, the court held that "[t]he defendant, by reason of her counterclaim, became an actor, and could have taken the proper and necessary steps to obtain a decision in the action. She made no effort whatever to do so, and therefore was equally negligent with the plaintiff." 40 S.D. at 276, 167 N.W. at 160. Because of the defendant's failure to proceed on the counterclaim, this court reversed the trial court. Although the court relied upon *Jacot v. Marks,* that decision had been reversed some eighteen years earlier. *Jacot v. Marks,* 45 App.Div. 531, 61 N.Y.S. 1040. Under the New York rule "[t]he fact that defendants had interposed a counterclaim did not affect their right to move for a dismissal because of plaintiff's unreasonable delay." *Cooper v. Martin,* 222 App.Div. 765, 226 N.Y.S. 180, 181.

A similar problem faced this court in *Watkins Products, Inc. v. Lytle,* S.D., 238 N.W.2d 299. In that case, however, *Welch v. McCoy* was distinguished on the basis that the counterclaim in question, one based on a claim of malicious prosecution, had not matured. We held that such a claim was premature prior to the determination of the main action. Accordingly, defendant could be under no compulsion to proceed.

It appears that the great weight of authority on this question holds that a defendant's counterclaim does not affect his right to demand dismissal of plaintiff's complaint when unreasonable delay has occurred. *City of Jefferson v. Capital City Oil Company,* Mo.App., 286 S.W.2d 65; *Conrad v. Certified Ice & Fuel Co.,* 201 Minn. 366, 276 N.W. 286; *Pacific Finance Corporation v. Superior Court,* 219 Cal. 179, 25 P.2d 983; *General Motors Corporation v. Superior Court,* 65 Cal.2d 88, 52 Cal.Rptr. 460, 416 P.2d 492; 27 C.J.S. Dismissal and Nonsuit § 65(2), p. 440; Annot. 90 A.L.R. 387. In *Wiggins v. Washington National Life Insurance Co.,* 246 Cal.App.2d 840, 55 Cal.Rptr. 129, a delay of prosecution case dealing with a counterclaim, in language we deem appropriate here the court, quoting an early California opinion, said:

'It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary, and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step.' (citation omitted) 246 Cal. App.2d at 847, 55 Cal.Rptr. at 133.

Given this line of authority, we conclude that *Welch v. McCoy* should be overruled, and accordingly we hold that the trial court did not err in dismissing appellants' complaints.

Appellants contend that the trial erred in dismissing their complaints with prejudice. SDCL 15–6–41(b) provides that a dismissal under that rule, excluding certain exceptions not relevant here, will be considered as an adjudication upon the merits of the case unless otherwise ordered by the trial court. Appellants rely on *Potts v. Starr,* 76 S.D. 91, 72 N.W.2d 924, to support their contention that a plaintiff has an absolute right to begin a new action. In *Potts* we held that a plaintiff's right to begin a new action may not be conditioned upon payment of terms. That case, however, was decided prior to the adoption of SDCL 15–6–41(b) and hence has no relationship to

dismissals entered pursuant to the new statute.

More than eight years have passed since appellants began this action; more than four years have passed since all the information needed by the parties for trial of the cause has been available. Respondent was sold to Prairie States Life Insurance Company and its corporate records were moved out of the state during this period. State officials who may be needed as witnesses have left office or died while respondent waited for appellants to proceed. Appellants have presented no reasonable excuse for this lengthy delay. Accordingly, we conclude that the trial court did not abuse its discretion in the manner in which it dismissed appellants' complaint.

The order appealed from is affirmed.

DUNN, ZASTROW and MORGAN, JJ., concur.

PORTER, J., deeming himself disqualified did not participate in the opinion.